Emil Leeser, Trustee, Appellant, v. Francis Kibort et al., Appellees.

Gen. No. 31,318.

1. NOTICE AND RECORD OF TITLE—*indices which afford constructive notice to subsequent purchasers.* Subsequent purchasers of land will not be chargeable with constructive notice of a trust deed thereon by reason of the fact that such deed is indexed in the recorder's tract books, the keeping of such books not being required by statute; it is only the grantors' and grantees' indices which afford constructive notice.

2. NOTICE AND RECORD OF TITLE—*to whom record of deed is constructive notice.* The recording of a deed is constructive notice only to parties holding in the same chain of title and a purchaser is not required to examine every record that may affect real estate before he can safely take title.

3. NOTICE AND RECORD OF TITLE—*effect of misdescription.* The record of a trust deed will not operate as constructive notice to subsequent purchasers where the description gives the wrong section number, even though it also gives the correct lot and block numbers and the title of the subdivision, and there was no other subdivision of that title in the county.

4. NOTICE AND RECORD OF TITLE—*conveyances not in chain of title as notice.* The record of a trust deed given prior to the time when the grantor acquired title to the land is not constructive notice to sub-

sequent purchasers, as it is not in the chain of title and subsequent purchasers are not obliged to search for conveyances made by the vendor prior to his acquisition of title.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Affirmed. Opinion filed February 7, 1927.

JEROME S. BREAKSTONE, for appellant.

SHERMAN C. SPITZER and CHARLES F. GRIMES, for Chicago Trust Company, William P. Johnson and Anna Johnson, appellees.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an appeal by complainant from a decree dismissing his bill for want of equity and granting certain cross-complainants relief.

The bill sought to foreclose a trust deed executed by Francis Kibort on April 29, 1920, to secure his promissory note for $2,000, conveying Lot 33, in Block 8, in Cobe and McKinnon's Fifty-ninth Street and Western Avenue Subdivision of the SE ¼ of the NE ¼ "of Section Twenty-four" Township 38 North, Range 13, east of the Third Principal Meridian, in Cook county, Illinois. It was alleged that this was a mistaken description in that the section should have been 13, instead of 24; that the only subdivision known as the Cobe and McKinnon's Fifty-ninth Street and Western Avenue Subdivision in Cook county was in Section 13. The bill prayed that the trust deed be reformed and corrected so as to describe the property as in Section 13 and that an accounting be had of the amount due complainant and that he have a decree of foreclosure on Lot 33, Block 8, in Section 13.

The Chicago Trust Company filed an answer disclaiming any notice or knowledge of the aforesaid trust

deed and claimed that it was the owner of five prom-
issory notes signed by Francis Kibort dated July 10,
1920, aggregating $3,500, secured by a trust deed con-
veying Lot 33, in Block 8, in Cobe and McKinnon's
Subdivision in Section 13.

Defendants William P. Johnson and Anna Johnson,
his wife, filed a cross-bill alleging that pursuant to a
contract made November, 1920, they became the own-
ers of Lot 33, Block 8, in Section 13, and received a
warranty deed of the same from Kibort and wife
dated April 22, 1921, which was recorded April 26,
1921; that they had no knowledge of the complainant's
trust deed and asserted that it was a cloud upon their
title to the premises and asked that it be declared null
and void. The complainant filed an answer to this
cross-bill, denying the defendants' right to the relief
prayed for.

The cause was referred to a master in chancery who
found that both the Trust Company and the Johnsons
were innocent purchasers for value without notice,
actual or constructive, of the complainant's trust deed
and recommended that the bill be dismissed for want
of equity and that the complainant's trust deed be set
aside as a cloud on the title. Exceptions to the mas-
ter's report were overruled, and a decree pursuant
thereto was entered.

April 29, 1920, when Kibort conveyed to Emil Leeser,
trustee, to secure the note sought to be foreclosed, the
title to Lot 33, in Block 8, in Cobe and McKinnon's
Subdivision, in Section 13, was in Harold B. Nelson,
who by warranty deed dated May 14, 1920, and re-
corded June 8, 1920, conveyed the same by correct
description to Francis Kibort. July 10, 1920, Kibort
and wife conveyed to Chicago Trust Company, trustee,
said premises correctly describing the same, to secure
the payment of a loan to him of $3,500, which trust
deed was recorded July 13, 1920. April 22, 1921,
Kibort and wife conveyed by warranty deed, recorded

April 26, 1921, said premises, correctly described, to William P. Johnson and Anna Johnson, jointly. Neither of these defendants, when the loan was made or the property purchased, had any actual notice of the trust deed to Leeser, and in acquiring their interests, respectively, they relied entirely upon the opinions of title of the Chicago Title & Trust Company which made no mention of the Leeser trust deed.

Complainant does not claim that these parties had any actual notice of the Leeser trust deed, but says, if they had examined the recorder's tract books, they would have noted it. The record before us fails to show that this trust deed appears indexed in the tract books, but, even if it did, such books are not required by statute to be kept. The grantors' and grantees' indices alone afford constructive notice.

The record of the Leeser trust deed was not constructive notice to subsequent purchasers. This trust deed erroneously located the subdivision in Section 24, instead of Section 13. It may be that there was only one Cobe and McKinnon's Fifty-ninth and Western Avenue Subdivision in Cook county, and that it was in Section 13, but there was no allegation or proof that the Chicago Trust Company or the Johnsons knew that fact; neither was there anything in the description in the Leeser trust deed to indicate this.

It has been held that the recording of a deed is constructive notice only to parties holding in the same chain of title and a purchaser is not required to examine every record that may affect real estate before he can safely take title. If there is an error apparent on the face of the instrument and of such a character as to lead a purchaser of ordinary prudence to make inquiry, and such inquiry would have led him to knowledge of the true condition of the title, he will be held to such knowledge. In this case, however, there was nothing on the face of the instrument to indicate error or anything which would lead a purchaser

of ordinary prudence to make any inquiry. Where the notice is constructive resting only on the record of an instrument and there is a misdescription of a substantial nature, the record will not operate as constructive notice and a purchaser will not be affected. *Slocum v. O'Day,* 174 Ill. 215; *Thorpe v. Helmer,* 275 Ill. 86, and cases therein cited.

An additional ground for dismissing the bill was that the trust deed from Kibort to Leeser was not in the chain of title. At the time this was made, Kibort had no title to the property in question. He acquired title subsequently by deed from Harold B. Nelson. When the Chicago Trust Company and the Johnsons acquired their interests, they were presumed to have searched the records for instruments made by Kibort on and after May 14, 1920, the date when he acquired title. They were not called upon to search for conveyances made by a party prior to the time he acquired his interest. They are not chargeable with notice of facts shown by records not in their chain of title. *Capper v. Poulsen,* 321 Ill. 480; *Calder v. Chapman,* 52 Pa. 359. The decided cases on this point are admirably summarized in Pomeroy's Equity Jurisprudence, vol. 2 (4th Ed.), p. 1304, as follows:

"How far back is a purchaser bound to search the record title of his own vendor? If the records show a good title vested in the vendor at a certain date, and nothing done by him after that time to impair or encumber the title, it would seem that the policy of the registry acts is thereby accomplished; the purchaser is protected; he is not bound to inquire farther back, and to ascertain whether the vendor has done acts which may impair his title prior to the time at which it was vested in him as indicated by the records. This view is supported by many decisions,—it seems by the weight of authority,—which hold that a purchaser need not prosecute a search for deeds or mortgages made by his own vendor, farther back than the time at which

the title is shown by the records to have been vested in such vendor; or in other words, a purchaser is not bound by the registry of deeds or mortgages from his vendor made prior to that time.''

The cases cited by complainant are concerned with facts substantially different from those in the instant case. The decree was in accordance with well-established rules and is affirmed.

*Affirmed.*

MATCHETT and JOHNSTON, JJ., concur.