**Tevel Feldman, Appellee, v. Guiseppa Cipolla and Anna Cipolla, Appellants.**

**Gen. No. 46,584.**

First District, Third Division.

September 21, 1955.

Rehearing denied November 23, 1955.

Released for publication November 23, 1955.

Anthony M. Anzalone, of Chicago, for appellants; Joseph J. Loverde, of Chicago, of counsel.

Abraham M. Horwitz, of Chicago, for appellee; Herbert M. Wetzel, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action for damages based upon fraud and breach of warranty in a real estate transaction. The finding and judgment were for plaintiff in the sum of $1,986. Defendants have appealed.

The real estate involved was in Chicago and was improved with a three-flat building and cottage. Negotiations were begun in the fall of 1950 and on November 11th the parties made a contract for a warranty deed. The purchase price was $23,500. The contract subjected the sale to "existing leases expiring as shown on reverse side." These leases were described in a rider as follows:

"1st floor—lease expires in 1952 and provides for $63.25 as monthly rental.

"2nd floor occupied by Sellers.

"3rd floor, from month to month, rental 63.25.

"Cottage lease expiring in 1952, rental 25.00.

"Sellers agree to deliver possession of the apartment occupied by them . . . within 15 days from date of closing. . . ."

On December 12, 1950 defendants made an affidavit of title "to induce" the plaintiffs to purchase the property, and in the affidavit the leases were described as in the rider. The warranty deed was signed and was notarized on December 12, 1950. It made no reference to the leases.

April 30, 1952 plaintiff accepted written notice of the first floor lessee's election to exercise an option for a renewal for three years at the same rental. Plaintiff brought this action April 10, 1953.

The question is whether the evidence justified a finding of either fraudulent concealment or breach of warranty because of defendant's failure to notify plaintiff of first floor lessee's option right.

The trial court could properly infer from the testimony that plaintiff had demanded the first floor lease during the negotiation for, and making of, the contract and at the closing of the deal; that defendants deliberately withheld the lease from plaintiff until after the deal was closed; and that plaintiff had no actual notice of the lessee's option until April 30, 1952. Presumably these were the inferences drawn by the court and the basis of the decision.

■ Plaintiff knew that a tenant was in possession of the first floor apartment and was bound to inquire and determine the terms of the tenancy. Joiner v. Duncan, 174 Ill. 252; Coari v. Olsen, 91 Ill. 273, 280; Fisher v. Michigan Square Bldg. Corp., 328 Ill. App. 143, 161. The court in the Duncan case said that since Pfeiffer, as mortgagee, failed to make inquiry of the rights of those in possession, his position was no better than it would be had he made inquiry and learned the truth. The court stated at 174 Ill. 257:

450

"Actual possession of land is notice equal to the record of a deed under which the party in possession claims, and a purchaser is bound to inquire by what right or title the party in possession holds, and he will take subject to that title, whatever it may be. (Coari v. Olsen, 91 Ill. 273; Morrison v. Morrison, 140 id. 560.)"

Plaintiff, Feldman, therefore, was bound to determine the tenant's rights. Had he done so he would have learned of the option to renew. Having closed the deal without having made inquiries he cannot legally attribute the result to misrepresentation of the sellers. The finding of fraud was error.

The affidavit of title and warranty deed were contemporary documents. Both were delivered to plaintiff. The deed made no reference to the leases but the affidavit described the leases, though it made no mention of the option. The affidavit gave plaintiff the same notice of the tenant's possession of the first floor apartment that was given him in the contract.

██ Since the documents were contemporary and related to, and were part of, the same transaction, they are to be read and construed as a single instrument. Wilson v. Roots, 119 Ill. 379. We think the affidavit of title modified the covenant in the deed against encumbrances upon seller's title. In Beach v. Miller, 51 Ill. 206, there was no affidavit modifying the covenant. We conclude that in the instant case there was no breach of warranty.

A finding that there was fraud or a breach of warranty is not justified. For the reasons given the judgment is reversed and the cause remanded with directions to enter judgment in favor of defendants.

Reversed and remanded with directions.

LEWE, P. J. and FEINBERG, J., concur.