Sam Polito and Grace Polito, his wife, Frank M. Polito
and Fannie Polito, his wife, and Joseph A. Polito
and Josephine Elizabeth Polito, his wife, Appel-
lants, v. Chicago Title and Trust Co., Appellee.

Gen. No. 46,888.

First District, Third Division.

November 7, 1956.

Released for publication December 28, 1956.

57

Crowley, Sprecher & Weeks, and Samuel A. Kavathas, of Chicago, for appellants; Robert A. Sprecher, and Frank A. Karaba, both of Chicago, of counsel.

Concannon, Dillon & Snook of Chicago, for appellee; William H. Dillon, of Chicago, of counsel.

PRESIDING JUSTICE FEINBERG delivered the opinion of the court.

Plaintiffs sued to recover damages for a breach of a guarantee policy, issued by the defendant, guaranteeing the title to certain real estate. Defendant's motion to strike plaintiffs' amended complaint was sustained, and the cause dismissed. Plaintiffs appeal.

The only question presented upon the appeal is the sufficiency of the amended complaint.

Plaintiffs rely upon the following material allegations of the complaint, as amended, to which a copy of

the guarantee policy was attached as an exhibit: that plaintiffs, whose respective interests to the real estate described in said complaint, procured the guarantee policy from defendant, dated December 14, 1953; that subsequent to the issuance of the policy, plaintiffs procured a survey of the premises in question, which showed that a triangular parcel of the premises, with approximate dimensions of 30 feet by 30 feet by 43 feet, covering an area of approximately 450 square feet, was in the possession of one, Calcedonio Galiotto, whose possession thereof was shown of record: (1) in the records of the Circuit Court of Cook County on July 27, 1923, when a praecipe was filed in said court, and on September 7, 1923, when a declaration was filed, and on September 13, 1923, when the action was posted in the records of the clerk of the Circuit Court of Cook County in the case of Freda Lang v. Calcedonio Galiotto, case No. B 99997 C, in which case Freda Lang, then the owner of said premises, brought an ejectment action against Calcedonio Galiotto in order to eject him from said premises; (2) in the records of the Recorder of Cook County in Book 584F at page 168, line 10, where the following entry appears: "B 99997 C Freda Lang v. Calcedonio Galiotto, et al. Eject. Sept. 13, 1923. Lot 3 and W 10 ft. 2"; (3) in the records of the Recorder of Cook County in Book 584F, page 166B, showing a plat of John Caskellars Subdivision of Lots 23 to 26, inclusive, and indicating the premises in question, part of which is in the possession of Calcedonio Galiotto; and (4) in the records of the Chicago Title & Trust Company, defendants herein, in Book 108-3, page 119, line 49, showing case No. B 99997 C, Freda Lang v. Calcedonio Galiotto, September 13, 1923.

It is further alleged that on or about April 26, 1954, plaintiffs furnished defendant with a statement in writing of the loss and damage sustained by the plaintiffs; that plaintiffs do not have possession of, and,

apparently due to the adverse possession of Calcedonio Galiotto, do not have title to the triangular parcel referred to, and have been damaged to the extent of the value of said parcel; that since purchasing the premises, plaintiffs, on or about December 14, 1953, made extensive improvements upon and to the property; that a plat of survey dated January 24, 1954, is attached to the complaint as exhibit "B," and shows that a brick garage on lot 22, except the west 10 feet thereof, extends over and covers said triangular parcel, which triangular parcel is shown to be part of lot 3.

It is further alleged that the records described above show Calcedonio Galiotto to be the owner of lot 22, except the west 10 feet thereof. The case of Freda Lang v. Calcedonio Galiotto, No. B 99997 C in the Circuit Court of Cook County, was dismissed for want of prosecution on June 6, 1929. Book 584F of the records of the Recorder of Cook County is volume No. 584F of a set of books known as "Abstract Books," which are described in Illinois Revised Statutes, 1953, Chap. 115, pars. 12, 19, 20 and 23. The plat in Book 584F, at page 166B, merely shows that the triangular parcel is part of lot 3.

Plaintiffs further allege that their failure to obtain fee simple title to the entire premises described in the guarantee policy from the defendant has also resulted in great damage to the remainder of the premises.

The guarantee policy provides:

"Chicago Title and Trust Company for valuable consideration, does hereby guarantee the person or persons named and the persons otherwise designated in item 1 of Schedule A against all loss or damage which the party guaranteed shall sustain by reason of defects in the title (which title is set forth in item 2 of Schedule A) of the person or persons named in item 1 to the real estate described in item 3 of Schedule A, or by

reason of liens or incumbrances affecting the title, at the date of this policy, excepting only such defects, liens, incumbrances and other matters as are set forth in Schedule B.

". . .

"This policy is subject to the conditions set forth on the last page hereof, which conditions, together with Schedules A and B, are made a part of this policy."

Among the General Exceptions in the policy, paragraph 2 thereof provides:

"The following matters which are not of record at the date of this policy are not guaranteed against: (a) rights or claims of parties in possession not shown of record, and questions of survey; . . ."

Paragraph 3 of the General Exceptions provides:

"The following matters relating to acts of the party guaranteed, or assumed by or known to said party, are not guaranteed against: . . . (b) rights or claims not shown of record at the date of this policy if known to the party guaranteed at the date of this policy or at the time said party acquired the title, estate or interest guaranteed; . . ."

The instant complaint does not disclose that any summons was issued or served, or what the complaint filed in the ejectment suit disclosed as to possession by Galiotto, or what his claim or rights were; nor does the instant complaint allege that any answer by Galiotto was filed in the ejectment suit disclosing any claim or right by him. The complaint does disclose that the ejectment suit in question was dismissed for want of prosecution on June 6, 1929, twenty-four years prior to the issuance of the policy sued upon. Even if the records set up in the complaint disclosed possession by Galiotto of the triangular parcel, that would not bring it within the guarantee of title in the policy. The exception in the policy is specific and not

61

ambiguous. It definitely provides that the policy does not guarantee title against "(a) rights or claims of parties in possession not shown of record." It follows that what the record must show is not merely possession but the rights or claims of the party in possession. The complaint fails to allege that the records relied upon disclose what the rights or claims of Galiotto were at the time of the issuance of the policy.

The Civil Practice Act, Ch. 110, § 1, Ill. Rev. Stats. 1955, provides:

"The provisions of this Act apply to all civil proceedings, both at law and in equity, in courts of record, except in attachment, ejectment, . . . . In all those proceedings the separate statutes control to the extent to which they regulate procedure . . . ."

The Ejectment statute, Ch. 45, § 9, provides:

"The action of ejectment shall be commenced by a summons, which shall be in like form, and be issued, tested, served and returned as summons in other civil cases."

█ In the absence of any allegation in the instant complaint, showing that a summons was issued and served upon defendant Galiotto in the ejectment suit, or that an answer was filed by him setting up his claims or rights, the doctrine of *lis pendens* and consequent notice of record does not apply. Allison v. Drake, 145 Ill. 500; People v. City of Chicago, 299 Ill. App. 504, 508; Marshall v. Solomon, 335 Ill. App. 302, 308.

█ A suit dismissed for want of prosecution twenty-four years prior to the issuance of the policy ceases to be constructive notice under the doctrine of *lis pendens*. Allison v. Drake, supra; Herrington, et al. v. McCollum, 73 Ill. 476, 483; Eldridge v. Walker, 80 Ill. 270. If it does not constitute constructive notice of any right or claim, then it is not shown of record. Allison v. Drake, supra, pp. 515, 516.

From a careful reading of the entire policy, we are also confronted with the provisions found in paragraph 3 of the General Exceptions. If plaintiffs' contention be correct that the records referred to, including the ejectment suit, sufficiently disclosed possession by Galiotto, and even if it be conceded for the sake of argument that such disclosure of record is sufficient disclosure of the rights or claims of Galiotto in possession, plaintiffs cannot escape the exception provided in paragraph 3, which would exclude the right of plaintiffs to recover upon the guarantee policy.

■ ■   When plaintiffs contracted for the purchase of the premises in question, and when they acquired title, it was their bounden duty to inquire of the person in possession (Galiotto) by what tenure he holds and what interest or claims he had in the premises. The purchaser cannot excuse himself by merely obtaining information as to how possession was obtained, or inquiring of the grantor or of other persons as to the rights of the person in possession, but he is bound to inquire of the person in possession by what tenure he holds and what interest he claims in the premises. Open possession is sufficient to charge such purchaser with knowledge of all legal or equitable claims of the occupant, which could have been ascertained by such inquiry. Ambrosius v. Katz, 2 Ill.2d 173, 182, and cases there cited. Feldman v. Cipolla, 7 Ill.App.2d 448, 450. In Joiner v. Duncan, 174 Ill. 252, 257, it was stated:

"Actual possession of land is notice equal to the record of a deed under which the party in possession claims . . . ." (Followed in Feldman v. Cipolla, supra.)

The judgment of the Circuit Court is correct and is affirmed.

Affirmed.

KILEY and LEWE, JJ., concur.