JANET LANDIS, Petitioner-Appellee, *v.* MILES HOMES INCORPORATED, *et al.,* Defendants-Appellants.

(No. 70-158; ■■■■■■)

Second District—September 7, 1971.

Nettles & Mahoney, of Freeport, for appellants.

Garard & Moehle, of Oregon, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendants appeal from the trial court orders denying their motions to set aside a tax deed and to be permitted to redeem.

Defendant, Darrell Diehl, and his then wife occupied premises owned by Diehl's parents; they took title by warranty deed dated and recorded March 16, 1965. Prior to acquiring title, however, Darrell Diehl and his wife had executed a mortgage to the premises to defendant Miles Homes Inc. to secure an improvement loan. The mortgage was dated and recorded May 15, 1964.

As a tax sale held on October 23, 1967, Janet Landis, the tax deed petitioner, purchased the unpaid and delinquent real estate taxes levied on the premises for the year 1966. On June 20, 1969, she filed her petition for an order directing the issuance of a tax deed upon the expiration of the redemption period. Notice of sale and notice of the filing of the petition were published in the manner set forth in the statute. (Ill. Rev. Stat. 1969, ch. 120, pars. 744, 747.) Diehl and his wife were personally served with the combined notice of the sale and notice of the application for a tax deed. Miles Homes Inc. was not served.[1]

On November 3, 1969, the court entered an order for the County Clerk to issue a tax deed. A tax deed was issued by the County Clerk on the same date and recorded November 7, 1969. (This tax deed erroneously stated that the date of tax sale was October 23, 1969, rather than the correct 1967 date; and it was issued on the basis of the court's order without that order having been first filed in the Circuit Clerk's office with a certified copy given to the County Clerk, as is provided in the statute.)

On December 3, 1969, within the thirty day period after the entry of the November 3rd order, Miles Homes filed a motion to vacate pursuant to the provisions of Ill. Rev. Stat. 1969, ch. 110, pars. 68.3 and 50(7). The corporation contended that (1) the November 3 order and tax deed were

---

[1] It does appear, however, that Miles Homes acquired knowledge of the sale of the 1966 taxes through correspondence with the Ogle County Treasurer dated July 14, 1969. The Corporation apparently sent a check to the Treasurer for the amount thought necessary to redeem. This was received by the Treasurer after the expiration of the redemption period and was returned to Miles because additional interest was due by reason of the late tender of redemption. This additional interest, amounting to $10.74, was sent by Miles and received on November 6 and was returned by the Treasurer with the advice that the tax deed had been issued on November 3rd.

void because Miles was a "mortgagee of record" within the provisions of ch. 120, pars. 744 and 747 (*supra*), and, as such, had been entitled to personal notice; and (2) the November 3rd order for a tax deed had not been filed with the Clerk of the Circuit Court and, therefore, was not "entered" according to Ill. Rev. Stat. 1969, ch. 110A, par. 272; and Miles contended that the tax deed, having thus been issued upon an order having no force or effect, was a nullity.

During the course of the various hearings on the motion to vacate, the November 3rd, 1969, order found its way into the Circuit Court file, and a certified copy dated December 4, 1969, somehow appeared in the County Clerk's files; but the record does not explain how this occurred. The trial court, referring to a "corrected" tax deed purporting to have been issued on January 26, 1970,—although no such document appears in the record—, entered an order on February 19, 1970, denying defendant's motion to vacate the November 3rd order. This order was later vacated by the court because the wording was unclear.

Thereafter, on April 7, 1970, the court entered an order, based upon its Memorandum Opinion of the same date, which denied Miles' December 3rd, 1969, motion. The thrust of the court's opinion was that Miles had no standing to set aside the tax deed since it was a stranger to the record chain of title and, as such, had no right to redeem, from which it was said to follow that Miles had no standing to attack the proceeding. The court further concluded that even if Miles had the right to redeem, it had failed to do so, even though it had had actual notice of the final date for redemption. The court concluded that even if the November 3rd, 1969, tax deed was invalid as not having been issued pursuant to a prior certified copy of the order for the tax deed, the procedure provided by statute, the January 26th, 1970, tax deed would be effective since it was issued pursuant to a certified copy filed by the County Clerk on December 4, 1969.

We conclude that the controlling issue was whether Miles Homes Inc. was entitled to notice of the tax deed proceedings.

Ill. Rev. Stat. 1969, ch. 120, pars. 744, 747 provide for notice to various persons specifically "including trustees and mortgagees *of record*" (emphasis added). The interest of Miles Homes in the property existed by virtue of a mortgage. However, its mortgage cannot be considered to be "of record" merely because it was recorded. To constitute the constructive notice to third persons contemplated under Ill. Rev. Stat. 1969, ch. 30, par. 29 an instrument must be in the chain of title. Miles mortgage was, however, recorded prior to the conveyance of title to defendant Diehl and his wife. The record of a mortgage given prior to the time of the acquisition of record title by the mortgagor is not in the

chain of title and is not constructive notice to third persons. (*Leeser v. Kibort* (1927), 243 Ill.App. 258, 261; *Capper v. Poulsen* (1926), 321 Ill. 480, 482, 321 Ill. 480, 482. See also 45 Am. Jur. 477; and *McNitt v. Turner* (1872), 83 U.S. 352.) A prospective purchaser of real estate or of an interest in real estate is chargeable with knowledge of what appears in the grantor-grantee index, the legal record required to be maintaind by the Recorder (Ill. Rev. Stat. 1969, ch. 115, par. 12); he is not chargeable with notice of that which appears in other records which may be kept as a convenience, such as a tract index. (*Leeser v. Kibort, supra,* page 262; 43 Chi.-Kent L. Rev. 309, 310. See also, Kratovil, Real Estate Law, 3 Ed, at page 94; *Kerfoot v. Cronin* (1882), 105 Ill. 609, 617, 618 and *Booker v. Booker* (1904), 208 Ill. 529, 540.) We cannot assume that the legislature intended that "mortgagee *of record*" has other than the meaning long ascribed to it, in the absence of any other language in the statute.

We conclude that Miles Homes Inc. was not entitled to notice of the tax deed proceedings. We, therefore, do not need to decide whether Miles had the requisite standing or interest to redeem since no redemption was effected. Cf. *Weiner v. Jobst* (1961), 22 Ill.2d 11; *Franzen v. Donichy* (1956), 9 Ill.2d 382; and *In re County Treasurer of DuPage County* (1965), 63 Ill.App.2d 135.

Miles Homes has also contended that the tax deed issued on November 3rd is a nullity because the court order authorizing it was not entered by the Circuit Court Clerk as provided in Ill. Rev. Stat. 1969, ch. 110A, par. 272, *supra.* However, that rule is for the purpose of removing any doubt as to the date a judgment is entered and relates to the finality of judgments. (See Committee Comments. Smith-Hurd Illinois Annotated Statutes, ch. 110, par. 272.) The statute does not change the previous substantive law holding that the failure to file an order with the Circuit Clerk does not affect the validity of the order. (*People v. Petit* (1915), 266 Ill. 628, 632; *In re Estate of Young* (1953), 414 Ill. 525, 533.) A tax deed is rendered void only by lack of jurisdiction, and not by some other impropriety in a tax deed proceeding. (See *People v. O'Keefe* (1960), 18 Ill.2d 386, 392; *Dick v. Mitchell* (1968), 103 Ill.App. 2d 93, 97.) The case of *Murray v. Estate of Armstrong* (1969), 114 Ill.App.2d 200, cited by Miles Homes, does not support a proposition that a tax deed issued by the County Clerk pursuant to the original valid judgment signed by the court becomes invalid because it was not issued pursuant to a certified copy of the original order which the Circuit Clerk has filed stamped.

Defendant Darrell Diehl, on April 7, 1970, filed a Section 72 petition to vacate the November 3rd order and tax deed. His petition restated the

theories argued in the motion of Miles Homes and additionally alleged that his wife had paid the 1967 taxes and that he had assumed she had also paid the 1966 taxes, for he had at the time sufficient funds in the bank. The petition further alleged that his lack of diligence in defending was due to his distress over the breakup of his marriage and the divorce proceedings, so that he was unable to appreciate the significance of the notices that he received in the tax proceedings; and it also alleged that plaintiff and her attorney had made representations in the fall of 1969 that he had no right in the premises and would be merely wasting his time and money if he were to seek legal advice.

■ The argument based upon Diehl's alleged confused mental state as being an excuse for his nonaction is not properly supported. The petition is not accompanied by the sworn affidavits required when assertions are offered to matters not in the record and does not state a cause of action. (See *Brockmeyer v. Duncan* (1960), 18 Ill.2d 502, 505 and *People v. Garfield* (1961), 33 Ill.App.2d 164, 170.) Even disregarding requirements of form, the allegation of Diehl's distraught mental state does not constitute excusable neglect in having ignored the proceedings on his own initiative. (*Johnson-Olson Floor Coverings v. Branthaver* (1968), 94 Ill.App.2d 394, 399.) The case of *Gary Acceptance Corp. v. Napilillo* (1967), 86 Ill.App.2d 257 offered by Diehl as supporting his lack of due diligence in defending involved an unconscionable advantage obtained through the extraordinary use of court process to frustrate the purpose of the Bankruptcy Act and its defenses and has no application to the facts herein.

■ Diehl's further claim that he was misled into not defending or filing a motion to vacate within thirty days of the November 3rd order because of the alleged fraudulent misrepresentation of the plaintiff and her attorney made in the fall of 1969, must be summarily rejected because of Diehl's own testimony. He admits that the statements that he alleges fraudulently misled him actually occurred in the middle of December 1969, subsequent to the thirty day period following the judgment. Furthermore, considering that Diehl's meeting with plaintiff and her attorney occurred subsequent to the proceedings and that the admitted purpose of the meeting was to rent the premises to Diehl, there is no basis for finding that the statements made were fraudulent or even inaccurate.

■ In defendant's reply brief, an argument is made which suggests that injustice has been done which this court can and should correct. The argument is supported with editorial matters dehors the record decrying speculative abuses which result in forfeitures of substantial equities in real estate for nonpayment of small amounts of taxes. We intend no ap-

proval or encouragement of such forfeitures. But, we are bound by the procedures which the legislature has seen fit to set forth to insure the reliability of tax collections, and we have no authority to substitute our general notions of fair play—even to avoid the unfortunate result that a tax buyer has here received an unusual return on a small investment at the expense of a careless owner and mortgagee.

We thus must affirm the judgments below.

Judgments affirmed.

MORAN, P. J., and ABRAHAMSON, J., concur.