ROY BURLEW, JR., *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF LAKE FOREST *et al.*, Defendants-Appellees.

Second District    No. 81-345

Opinion filed March 12, 1982.

Robert O. Kratovil and James S. Fouts, both of Lake Forest, for appellants.

Semmelman & Lombardi and Thomas H. Compere, both of Lake Forest, Murray R. Conzelman, of Waukegan, and Barry B. Gross, Robert T. O'Donnell, and Mary F. Stafford, all of Epton, Mullin, Segal and Druth, of Chicago, for appellees.

JUSTICE HOPF delivered the opinion of the court:

Plaintiffs Roy and Marian Burlew appeal from the dismissal of their action to quiet title. They allege that they had a written agreement for the revision of a common boundary. The purchasers of the lot adjacent to plaintiffs, Robert and Rita Taylor, defendants, filed a motion for summary judgment pursuant to Section 57 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 57), arguing that they were bona fide purchasers of the lot and purchased without notice of any change of the boundary line. After the parties filed affidavits and after arguments of counsel, the 19th Judicial Circuit Court granted the Taylors' motion. The claims against the other defendants were also dismissed. The Burlews appeal.

The Burlews contend that the trial court erred in dismissing their petition in chancery because there were genuine triable issues of fact to be determined.

The Burlews purchased lot 21 of the Deerpath Woods Subdivision in the city of Lake Forest from the E. A. Horsch Investment Company in 1968. They moved into their home on that lot in that year. On July 14, 1970, the Burlews made an agreement to change the boundary lines of lots 20 and 21 with E. A. Horsch, who still owned lot 20 next door. This agreement was memorialized on the survey prepared for the Burlews. The survey indicates that the Burlews modified the lot line so as to gain 3,475 square feet near the street or front part of their property, lot 21, in exchange for 3,575 square feet of their property to be added to the rear of lot 20. A diagram of the survey, not to scale, is provided here for clarification:

The notations made on this survey were "July 14, 1970, agreed (ss) E. A. Horsch, approved (ss) Roy Burlew R.B." The survey is apparently the only written agreement memoralizing the alleged exchange of property between Horsch and Burlew. The Burlews contend that this is a "revised plat" which was filed with the records office of the city of Lake Forest in September 1980 and was approved and entered into the official plat book of the city.

In 1970 the Burlews applied for a permit from the city to construct a three-car garage. The location of the garage is shown on the survey, which indicates that it is 9.9 feet from the corner of the now completed garage to the original lot line and more than 20 feet to the revised lot line. In 1971 the Burlews applied for a permit from the city to construct a wooden stockade fence. The Burlews point out that their entire property is enclosed by a stockade fence, a seven-foot-high masonry wall, and a five-foot-high chain link fence.

It is important to note that the Burlews did not record any documents changing the boundary lines of lots 20 or 21 with the Recorder of Deeds of Lake County. Nor did the Burlews pay taxes for any portion of lot 20 from the date of their purchase of lot 21.

In November 1980, the defendants Robert E. Taylor and Rita P. Taylor bought lot 20 and recorded their deed in the office of the Recorder of Deeds of Lake County. They purchased the property from Poterek Builders, Inc., who had purchased it from the Horsch Investment Company. The Burlews filed this action in January of 1981 to quiet title to the property in issue. The Taylors filed a verified answer, affirmative defense, and counterclaim.

The city of Lake Forest filed an answer requesting that it be dismissed as a party because the complaint filed by the Burlews did not request any relief from it. The trial court, in its order entered March 24, 1981, dismissed the city for that reason.

The trial court also found that the Burlews had no claim of title by adverse possession nor by payment of taxes pursuant to any statute. The court stated that the Burlews' claim was based on a revision of the plat of subdivision with the city of Lake Forest. The court found that the Taylors were bona fide purchasers of lot 20 as that lot is shown on the plat of subdivision recorded in the book of plats with the county.

The court found that the fence constructed by the Burlews was so constructed without conforming or changing the official Plat of Subdivision filed with the recorder of deeds of Lake County and without a deed to said property as required by law. The court stated that such a fence was not notice of possession which would give the Burlews title and that the cases cited by the Burlews were concerned with the open and notorious claim by a party of the entire fee and as such meant that subsequent purchasers took subject to the rights of a lessee. The court found that the Burlews' claim was inadequate because their situation differed so greatly from that of the parties in the cases the Burlews presented.

■■ The first argument presented by the Burlews contends that the verified pleadings filed by the Taylors contain an admission that the

Burlews have acquired a color of title to lot 20. In paragraph 3 of both the affirmative defense and counterclaim filed by the Taylors, they stated:

> "3. That by deed dated November 13, 1980, and recorded in the office of the Recorder of Deeds of Lake County, Illinois, on November 18, 1980, as Document No. 2089271, Taylor acquired the fee simple title to the real estate (recorded deed, attached hereto as Exhibit A). *Plaintiff* thereby obtained in good faith, color of title to vacant and unoccupied land." (Emphasis added.)

The last sentence of these paragraphs was probably supposed to start with the words counterplaintiff rather than plaintiff. It appears to be a typographical error. The Burlews allege that this language is an admission by the Taylors in a verified pleading of the Burlews' title to the land in issue. However, if it were an admission it would mean that the Taylors would be admitting that the whole of lot 20 belonged to the Burlews. This argument is simply implausible and does not create a genuine issue of fact.

The Burlews' next contention is that the Taylors knew or should have known that they possessed lot 21 as revised because they have to pass lot 21 in order to get to lot 20. They urge that because of the nature and location of the seven-foot wooden stockade fence the Taylors had notice of the changed lot line and therefore had a duty to inquire of the occupier of said land what interest or claim they held in the land. We disagree.

In support of this argument the Burlews cite a number of cases which are largely inapposite. In *Williams v. Brown* (1852), 14 Ill. 200, a resulting trust arose from the advancement of purchase money between parties. The court stated that the purchaser is bound to inquire of the person in possession by what tenure he holds the property. One distinction between *Williams* and the case before this court lies in the fact that Williams was in the actual, open, notorious and exclusive possession of the disputed premises. The Burlews' possession was not of the fee, but rather a small slice of the fee. In this sense, *Williams* is inapposite.

In another case relied on by the Burlews, *Chicago Title & Trust Co. v. Drobnick* (1960), 20 Ill. 2d 374, 169 N.E.2d 792, the plaintiff had paid taxes on the property in dispute for over 25 years and had enclosed the otherwise vacant land completely by a fence. This fence was seen as an indication of possession, but the case was decided by the application of the statute of limitations. The fence alone would have been insufficient claim to the property. As such *Drobnick* does not support the Burlews' contention.

The principal case relied upon by the Burlews is *Polito v. Chicago Title & Trust Co.* (1956), 12 Ill. App. 2d 57, 138 N.E.2d 710. They contend

that *Polito* stands for the proposition that when a party contracts for the purchase of premises it has a duty to inquire of the person in question by what tenure he holds and what interest he claims he had in the premises.

■■ *Polito* is a rather murky case that concerned a garage that encroached onto an adjacent lot and was an action brought by the purchasers for damages for breach of a title policy. It was not a case that determined title. The case was largely concerned with construing the terms of the policy. With regard to the question of notice, the court stated:

> "Open possession is sufficient to charge such purchaser with knowledge of all legal or equitable claims of the occupant, which could have been ascertained by such inquiry. *Ambrosius v. Katz*, 2 Ill. 2d 173, 182, and cases there cited. *Feldman v. Cipolla*, 7 Ill. App. 2d 448, 450." (12 Ill. App. 2d 57, 63, 138 N.E.2d 710, 713.)

Although *Polito* contains this language and it does relate to "possession as notice," it is apparent that the terms of the title insurance policy were the dispositive concerns of the court. Therefore *Polito* is inapposite. Both *Ambrosius* and *Feldman*, as well as the cases cited in *Ambrosius* (*Bryant v. Lakeside Galleries, Inc.* (1949), 402 Ill. 466, 84 N.E.2d 412, and *Miller v. Bullington* (1942), 381 Ill. 238, 44 N.E.2d 850), involved factual settings where possession of an entire *freehold* was seen as notice to prospective purchasers of all legal or equitable claims of the occupant. The Burlews are requesting that this court expand the legal "possession as notice" concept to include possession of an insubstantial portion of property gained by changing one side of a lot line. This is not a factual dispute. We are of the opinion that if we were to so expand this concept, tremendous confusion and increased numbers of boundary disputes would result. Therefore, we are in agreement with the trial court's finding that the building of a fence on portions of property, without conforming or changing the official plat of subdivision filed with the recorder of deeds, or without a deed, was not notice of possession.

Even if we were to assume that the existence of the fence was sufficient notice so as to give the Taylors the duty to inquire, this duty would be to make a reasonable inquiry. The Taylors checked the description of the lot at the recorder of deeds of Lake County and found no change in the boundary lines. It would be unreasonable for this duty to be so expansive as to require a search of the records of local governmental bodies, such as those of the city of Lake Forest. As such, the Taylors fulfilled their duty of inquiring by what tenure the Burlews were in possession, and they could not be expected to have searched the records of all local governmental bodies.

As pointed out in the Taylors' brief it is the public policy in Illinois to encourage reliance on the public record. (*8930 South Harlem, Ltd. v.*

806

Moore (1979), 77 Ill. 2d 212, 396 N.E.2d 1.) The Taylors relied on that record when they purchased lot 20. Because of this conclusion, we do not reach other issues raised by the Burlews.

For these reasons, we see no triable issue of fact, and affirm the findings of the trial court.

Affirmed.

REINHARD and UNVERZAGT, JJ., concur.