**In re Arthur EHRLICH, Debtor.**

**Darrell J. GOLDBERG, Plaintiff,**

**v.**

**Arthur EHRLICH and The Cosmopolitan National Bank of Chicago as Trustee under Trust No. 21954, Defendants.**

Bankruptcy No. 85 B 4065.
Adv. No. 85 A 649.

United States Bankruptcy Court,
N.D. Illinois, E.D.

March 28, 1986.

Paul McCambridge, Chicago, Ill., for plaintiff.

Douglas J. Lipke of Lord, Bissell & Brook, Chicago, Ill., for defendants.

Stanley M. Cahn and William R. Yowell, Chicago, Ill., Michael Weininger of Katz, Randall & Weinberg, Chicago, Ill., for Borg-Warner Acceptance Corp., intervenor.

## MEMORANDUM AND ORDER

JOHN D. SCHWARTZ, Bankruptcy Judge.

This matter is before the Court on the motion of the intervenor Borg-Warner Acceptance Corporation ("Borg-Warner") for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as incorporated by Bankruptcy Rule 7012(c).

Darrell Goldberg ("Goldberg") filed an adversary complaint against Arthur Ehrlich ("Ehrlich"), the debtor in a Chapter 11 proceeding under the Bankruptcy Code. (11 U.S.C. § 101 *et seq.*) Goldberg alleges that he was the sole beneficiary of a land trust, the subject of which was certain real estate ("Property"). Goldberg further alleges that Ehrlich fraudulently caused the conveyance of the Property to a second land trust and named himself the sole beneficiary of the second land trust. Goldberg also claims that Ehrlich fraudulently caused the second land trustee to mortgage the Property to secure his $600,000 loan from Borg-Warner.

Goldberg requests a reformation of the second land trust containing the Property. He also asks that any mortgages executed

by Ehrlich be declared void and unenforceable.

Having received the Court's permission to intervene in the adversary proceeding, Borg-Warner in its motion asserts that its mortgage of property is valid and enforceable. Goldberg claims that Borg-Warner's mortgage is unenforceable because Borg-Warner knew or should have known of Goldberg's beneficial interest in the second land trust.

Thus, the issue before the Court as presented by Borg-Warner's motion is whether Borg-Warner is a bona fide mortgagee who took the mortgage on the Property without notice of Goldberg's alleged interest.

FACTS

Debtor-defendant Ehrlich listed the beneficial interest in a land trust on his schedule of assets in his Chapter 11 petition. Cosmopolitan National Bank of Chicago ("Cosmopolitan") as land trustee under Trust No. 21954, is the record owner of the Property which is located in Antioch, Illinois. Ehrlich asserts that he is the sole beneficiary of the land trust.

Goldberg asserts that Ehrlich's claim of ownership of the beneficial interest of the Cosmopolitan land trust is fraudulent and that he, Goldberg, is its sole owner. Goldberg asserts that his father, Jack Goldberg, acquired the Property in 1962, and placed it in Land Trust No. 1429 with the First National Bank of Waukegan. Pursuant to Jack Goldberg's will, upon his death, the Property became a part of the residuary trust which was administered by the American National Bank and Trust Company of Chicago ("American").

The Property is improved with a commercial building and is currently occupied by Jack's of Antioch, d/b/a Four Squires ("Jack's"). Jack's occupies the Property under a lease originally executed on August 14, 1959, for a term of fifteen years and four months. Four Squires Buying Group, Inc. took an assignment of the leasehold as evidenced by a Supplemental Lease Agreement dated January 22, 1964. As beneficiaries of the residuary trust with

American, Goldberg and his brother, Jeffrey, received the rents and profits from the management of the Property until the trust terminated in October 1975.

Goldberg alleges that the monthly rents from the Property are first applied to the monthly mortgage installment to the Riverdale Bank, mortgagee, with the balance deposited to Goldberg's accounts at the Riverdale Bank. Goldberg alleges that he has paid all real estate taxes, insurance premiums, annual trustee's fees, and repairs for the Property since its conveyance to the Cosmopolitan Trust.

Goldberg claims that he placed his confidence in Ehrlich and relied on him for financial advice regarding the management of the Property. In March 1976, Goldberg requested Ehrlich's assistance in obtaining a loan. Ehrlich assured Goldberg that Goldberg could obtain a loan at either the Riverdale Bank or the Cosmopolitan Bank. Goldberg claims that Ehrlich recommended that the Property be transferred from Trust No. 1429, with the First National Bank of Waukegan, to a land trust at Cosmopolitan in furtherance of the loan transaction.

In March 1976, Goldberg and his brother, as owners of the beneficial interest, signed a letter directing the First National Bank of Waukegan, as land trustee under Trust No. 1429, to convey the Property to Cosmopolitan as land trustee under Trust No. 21954. (Adversary Complaint, Paragraph 9.) Goldberg makes no claim that he and his brother were unaware they were authorizing the conveyance when they signed the letter of direction. The conveyance of the Property was completed in March 1976. Goldberg asserts that Ehrlich never made any of the trust documentation available to Goldberg or to his brother Jeffrey after the conveyance of the Property to the Cosmopolitan trust. Goldberg also contends that since Jeffrey's death in January 1977, Ehrlich has represented to Goldberg that Goldberg should be sole beneficiary of the Cosmopolitan trust.

Borg-Warner obtained the mortgage on the Property from the Cosmopolitan as land trustee and mortgagor on December 7, 1983. The mortgage secured Ehrlich's debt to Borg-Warner of $600,000 and was recorded on December 15, 1983, in the office of the Recorder of Deeds of Lake County, Illinois, as document 2256711. Borg-Warner's mortgage is junior to a mortgage lien created by a trust deed from Cosmopolitan to the Riverdale Bank, securing a debt of $105,000. This lien is dated December 8, 1976, and was recorded in the office of the Recorder of Deeds of Lake County, Illinois on January 3, 1977, as document 21954.

Goldberg further alleges that in late March 1985, Jack's notified Goldberg that Borg-Warner had served notice of an assignment of rents executed by Cosmopolitan and Ehrlich, naming Ehrlich as sole beneficiary of the Cosmopolitan land trust. Jack's made the $2,000 monthly rent check for May 1985 payable to Borg-Warner pursuant to the assignment of rents agreement, although Borg-Warner later released the check to be credited to the Riverdale Bank mortgage account. After the deduction of the Riverdale Bank mortgage payment, the balance of the rent check was credited to Goldberg's accounts. Goldberg claims that Ehrlich represented to Goldberg that Ehrlich's loan obligation to Borg-Warner had been settled.

Borg-Warner has interposed two affirmative defenses to Goldberg's claim. First, Borg-Warner asserts it is a bona fide mortgagee because it relied on the deed in trust to the mortgagor, Cosmopolitan and took the mortgage without knowledge of Goldberg's alleged interest in the Property. Borg-Warner recorded its junior mortgage on the Property on December 15, 1983, and asserts that pursuant to the Illinois Recording Act, it is entitled to priority over unrecorded interests of which it had no notice. ("An Act concerning conveyances". Ill. Rev.Stat. ch. 30 ¶ 29 (1983); hereinafter, the "Recording Act".)

Second, Borg-Warner contends that it was Plaintiff's lack of due care and mis-

placed trust in Ehrlich which allowed the execution of Borg-Warner's junior mortgage to secure the $600,000 loan, whereas Borg-Warner took all the necessary legal steps to safeguard its interest in the Property. Therefore, Borg-Warner asserts that it should prevail under equitable principles.

Goldberg claims that because Borg-Warner had constructive notice of his interest in the Property, Borg-Warner is not a bona fide mortgagee and the mortgage is invalid. Goldberg bases this claim on the fact that the Lake County Assessor's records showing Ehrlich to be an agent for the Property provided notice to Borg-Warner of Goldberg's beneficial interest in the land trust. Goldberg also contends that Borg-Warner had a duty to inquire of the tenant-in-possession who owned the Property. Last, Goldberg asserts that the Riverdale Bank records showing that Goldberg received the remainder of monthly rents from the Property after the Riverdale Bank received its mortgage payment also provided constructive notice to Borg-Warner of Goldberg's interest.

## DISCUSSION

█ Goldberg does not allege fraud in the execution of the conveyance from the First National Bank of Waukegan trust to the Cosmopolitan trust. Rather, Goldberg alleges that Ehrlich fraudulently induced him to direct the conveyance. Thus, a voidable title passed, and subsequent bona fide purchasers for value of record are protected. *Logue v. Von Almen*, 379 Ill. 208, 40 N.E.2d 73 (1942). Such title may be set aside by the grantor as against all persons participating in or benefiting from the fraud, but it is valid and enforceable as to the rights of a party who is an innocent purchaser for value. *Id.* at 224, 40 N.E.2d at 82. If Borg-Warner had no knowledge of Goldberg's alleged interest or of Ehrlich's alleged fraud, its mortgage is valid and enforceable. (The Court notes that no one claims the Riverdale mortgage is void.)

█ The Recording Act protects bona fide purchasers of interests in real property from prior unrecorded claims. Ill.Rev. Stat. ch. 30 ¶ 29 (1983). In Illinois, protec-

tion is extended to a bona fide mortgagee for value. *Life Savings and Loan Association v. Bryant*, 125 Ill.App.3d 1012, 81 Ill.Dec. 577,467 N.E.2d 277 (1st Dist.1984).

A bona fide purchaser is one who acquires an interest in property for valuable consideration without actual or constructive notice of another's adverse interest in the property. *Id.* at 1019, 81 Ill.Dec. at 582, 467 N.E.2d at 282. Actual notice is that knowledge the purchaser had at the time of the conveyance. *Id.* Constructive notice is knowledge that the law imputes to a purchaser, whether or not he had actual knowledge at the time of the conveyance. *Landis v. Miles Homes Incorporated of Illinois*, 1 Ill.App.3d 331, 273 N.E.2d 153 (1971). There are two kinds of constructive notice: record notice and inquiry notice.

According to the theory of record notice, where an instrument of conveyance or a mortgage is recorded in the appropriate public office, the public record provides constructive notice to the whole world. Goldberg alleges that Borg-Warner had record notice from both the Lake County assessor's records and the Riverdale Bank's records.

■ In Illinois, record notice imputes to a purchaser knowledge that could be gained from an examination of the grantor-grantee index in the office of the Recorder of Deeds, as well as the probate, circuit, and county court records for the county in which the land is situated. Purchasers have no duty to check the County Tax Assessor's records. *Id. Eckland v. Jankowski*, 407 Ill. 263, 95 N.E.2d 342 (1950). The fact that the Lake County Tax Assessor's records show that Plaintiff paid the real estate taxes on the Property does not provide record notice. Similarly, although an examination of the records of the Riverdale Bank would have revealed Goldberg's interest in the Property, Borg-Warner was under no duty to examine those records. *Id.; see also Burlew v. City of Lake Forest*, 104 Ill.App.3d 800, 805, 60 Ill.Dec. 556, 559 433 N.E.2d 353, 356 (1982). Thus,

record notice of Goldberg's interest cannot be imputed to Borg-Warner.

■ Inquiry notice is the knowledge the law imputes to a purchaser of real property when a duty of inquiry arises. Inquiry notice encompasses all facts that a diligent inquiry would have brought to light. *Miller v. Bullington*, 381 Ill. 238, 44 N.E.2d 850 (1942). If a physical inspection of the property would reveal an adverse interest, then the purchaser is charged with knowledge of the facts discoverable by such an inquiry. *Id.* at 244, 44 N.E.2d at 853. Where there is a party in possession other than the vendor, the purchaser has a duty to inquire of that party as to his tenure and interest in the premises. *Burnex Oil Co. v. Floyd*, 106 Ill.App.2d 16, 245 N.E.2d 539 (1969). The prospective purchaser is charged with knowledge of facts that are inconsistent with the claim of ownership by the record owner. *Id.* at 23, 245 N.E.2d at 544.

■ Jack's possession of the premises provided constructive notice only of Jack's rights as a tenant or otherwise. "Notice by possession of land never extends beyond the rights of the occupant." 35 Ill. Law & Pract., Sec. 135, pp. 553–554. Furthermore, Jack's possession of the Property was entirely consistent with the record title of the mortgagor, the Cosmopolitan, as land trustee under Trust No. 21954. Borg-Warner knew of the leasehold when it took the mortgage, therefore Jack's possession would have aroused no suspicion of Goldberg's interest. The inquiry notice doctrine cannot be used to impute knowledge to Borg-Warner of Goldberg's alleged interest in the Property.

The Court finds and concludes that Borg-Warner was entitled to rely on Cosmopolitan's warranty of authority to execute the mortgage on the Property.

The Court further concludes that possession of the Property by Jack's of Antioch was not inconsistent with Cosmopolitan's claim of legal title and Borg-Warner's failure to make inquiry of Jack's does not

impute knowledge of an adverse interest in the Property.

The Court further concludes that Borg-Warner obtained the mortgage in question without notice of Goldberg's alleged interest as owner of the beneficial interest in the Cosmopolitan land trust and therefore is a bona fide mortgagee.

NOW THEREFORE IT IS ORDERED that for the above stated reasons, Borg-Warner's motion for judgment on the pleadings is granted.