## Joseph Swetitsch

### v.

## Frederick Waskow and Caroline Waskow.

*Real Property—Payment before Conveyance—Equitable Lien—Injunction—Forcible Detainer.*

Where the vendee has paid a part of the purchase price of a piece of real estate before conveyance, and the vendor refuses to convey, he is entitled to a lien thereon to the extent thereof. Such lien is of the equitable kind, and a court of equity is the appropriate tribunal for its enforcement.

[Opinion filed June 30, 1890.]

In error to the Circuit Court of Cook County; the Hon. O. H. Horton, Judge, presiding.

Messrs. Rubens & Mott, for appellant.

Mr. Emery S. Walker, for appellees.

Garnett, J. The original bill in this case prayed that the defendants, Frederick and Caroline Waskow, should be ordered

.to convey to the complainant, Swetitsch, a certain lot which they had agreed to sell him. Durand was made a party defendant on account of a lien which he was said to hold against the land.

From this bill as amended it appears in substance that the contract was dated May 26, 1886, and thereby the Waskows agreed to sell Swetitsch the lot in question free of all mortgages, taxes or other incumbrances up to June 15, 1886, for $1,400, and guaranteed that Gruenfeld, the tenant, would vacate the premises at the expiration of his lease, and that he would pay the monthly rents to Swetitsch; that Swetitsch was to pay $700 in cash and the balance was to be paid thereafter (though at what time is not made very clear). It was also alleged in the bill that Swetitsch paid the Waskows the $700 in cash on said 20th day of May; that he had collected rent from Gruenfeld for three months, and that he took possession of the premises on August 17, 1886, and had retained possession thereof ever since, paying taxes and special assessments and making valuable improvements, and that upon taking an account the Waskows would be found indebted to him in a large sum in case specific performance was refused; that the Waskows have refused to convey the premises to complainant, although he had tendered performance on his part; that since the filing of the original bill Frederick Waskow had commenced an action of forcible detainer against Swetitsch to recover possession of the premises. The prayer of the bill as amended was that the prosecution of the suit in forcible detainer should be enjoined, and, if specific performance was denied, that complainant should be decreed to have a lien on the premises for the amount that might be found due him upon an accounting. A demurrer to the bill was sustained and the bill dismissed.

In this court the plaintiff in error has abandoned his claim to a specific performance, and thereby the question of jurisdiction is disposed of, as a freehold is no longer involved.

The decree of the Circuit Court proceeds upon the idea that a vendee, who has paid part of the purchase money before conveyance, is not entitled to a lien, although the vendor

refuses to perform.   The contrary is, however, the established rule.   Whether the vendor refuses to perform, or the vendee properly declines to complete the sale, the result is the same. 2 Jones on Liens, 1105–6;  2 Sug. on Vendors, 378 (top paging); Fry on Spec. Perf., Sec. 1452 (3d Ed.).   Said Lord Cranworth, in Rose v. Watson, 10 H. L. Cases, 683, "There can be no doubt, I apprehend, that when a purchaser has paid his purchase money, though he has no conveyance, the vendor becomes a trustee for him of the legal estate, and he is, in equity, considered as the owner of the estate.   When, instead of paying the whole of the purchase money, he pays a part of it, it would seem to follow, as a necessary corollary, that, to the extent to which he has paid his purchase money, to that extent the vendor is a trustee for him; in other words, that he acquires a lien exactly in the same way as if upon the payment of part of the purchase money the vendor had executed a mortgage to him of the estate to that extent."

This lien is of the equitable kind and a court of equity is the appropriate tribunal for its enforcement.   1 Jones on Liens, 93.   But there appears from the bill no ground for enjoining the prosecution of the suit in forcible detainer.   The possession is not said to have been delivered to Swetitsch in part fulfillment of the contract of the vendors, but the bill simply alleges that complainant took possession.   The legal title is not in him, and in this respect the case is different from a mortgage after condition broken.

The decree is reversed and the cause remanded.

*Reversed and remanded.*