## George S. Clarke, Plaintiff in Error, v. E. V. Mayberry et al., Defendants in Error.

### Term No. 1159.

## W. B. Maulding et al., Defendants in Error, v. George B. Clarke et al., Plaintiffs in Error.

### Term No. 1207.

### Consolidated for Hearing.

1. VENDOR AND VENDEE—*when lien of latter arises.* "The legal title remains in the vendor, who has simply agreed to convey, while the vendee, although having as yet acquired no legal interest in the land by virtue of the contract, does obtain a lien upon it as security for the purchase money he has paid, and for the performance of the vendor's obligation to convey."

2. VENDOR AND VENDEE—*when lien of latter does not exist.* If the vendor refuses to convey or the vendee properly declines to complete the sale, the right of a vendee's lien attaches; but if the conveyance is made, whether in accordance with the terms of a contract or otherwise and the title of the vendor passes to the vendee, then no lien can exist.

Error to the Circuit Court of Wayne county; the Hon. J. R. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed November 11, 1911.

E. B. GREEN, THEO. G. RISLEY and BONHAM & M'LIN, for plaintiff in error.

CREIGHTON & THOMAS, for defendant in error; COOPER & BURGESS, of counsel.

MR. JUSTICE McBRIDE delivered the opinion of the court.

The above cases were, by agreement, consolidated and tried together and are brought to this court in one record.

The case No. 1159 was a bill to cancel a mortgage and enforce a vendee's lien upon the northwest quarter and the northwest quarter of the southwest quarter of section ten, township one, south, of range 5 east in the county of Wayne, State of Illinois.

The case No. 1207 was a bill to foreclose a mortgage executed by George Clarke and wife, upon the same lands, to secure the payment of a note for $2,000 and interest; and in this decision the cases will be referred to by their numbers above given.

The bill in No. 1159 alleges that on February 9, 1909, E. V. Mayberry and George S. Clarke entered into an agreement whereby the said Mayberry agreed to convey said lands to the said Clarke for a consideration of $10,000; and covenanted to convey and assure the said lands in fee simple, clear of all encumbrances by good and sufficient warranty deed, and furnish a merchantable abstract of said lands to date, the deed and abstract to be delivered not later than February 15, 1909. By the terms of said agreement the said Clarke was to make a bill of sale to the said Mayberry for a certain stock of merchandise, then owned by the said Clarke, estimated to be worth about $8,000, and that if the said stock of goods should exceed the sum of $8,000 the said Mayberry was to pay unto the said Clarke in cash

the excess of the said $8,000 and to accept from the said Clarke a note for $2,000 payable one year after date and secured by a real estate mortgage on the above described land. That the delivery of the deed and abstract and bill of sale were to be made concurrently, and that each of the parties was to deposit with A. D. Rodenburg a certified check in the sum of $500 to be delivered by the said Rodenburg to the party not in default in the performance of such contract, provided the other party performed. The deed and bill of sale were to be delivered to Rodenburg in escrow not later than February 11th. That the amount of $12,500 was finally agreed upon as the invoice of the stock of goods.

The bill also alleges that the said Mayberry failed and refused to furnish an abstract showing a merchantable title to said land, and that the one so furnished was imperfect. The bill here sets out the abstract in full, and then alleges fifteen different objections to the abstract, which it is not necessary here to note, except objection No. 4, that the title never passed from the devisees or heirs of John B. Cornell, deceased, to the said Mayberry; and No. 13, that there had been a reservation of all oil, gas, mineral and coal rights under a portion of said lands; that Mayberry failed to correct the errors in said abstract and tendered a deed purporting to convey the said land subject to the said oil, gas, and coal lease, which deed the said Clarke refused to accept; that the time to perfect said abstract was extended after February 15, 1909; and that the entire stock of goods was delivered to one Adolphus Aydt pending settlement of the trade, and that Aydt delivered possession to Mayberry who removed the stock of goods from Centralia to Wayne City, Illinois, that Clarke executed his note for $2,000 secured by a mortgage upon said land to Mayberry on February 22, 1909, and that for the purpose of defrauding Clarke, Mayberry assigned the said mortgage to one W. B. Maulding, and in the prayer of the bill

asks that the said mortgage be declared void and the note and mortgage cancelled and surrendered, and that a lien may be decreed to exist in favor of said Clarke against said lands for the sum of $8,000.

The answer of Mayberry admits the making of the agreement and that he was to pay Clarke $12,500 for the stock of goods and to accept the note of Clark secured by mortgage on said land for $2,000 to be advanced by Mayberry to Clarke; and avers he did furnish an abstract of title, and denies that the abstract set out shows the title in the devisees of John G. Cornell; and further avers that the said Clarke agreed to accept the said abstract if the defendant secured a release of the oil and mineral rights shown to have been reserved; and that he did procure and deliver to the said Clarke a deed conveying to him all oil, gas and mineral rights on said land that had been reserved, and avers that thereupon Clarke became seized in fee simple of the said premises; and that he paid Clarke the full value of said lands, and that the mortgage was made to secure a loan which Mayberry advanced in cash to the said Clarke; and denies a conspiracy with the said Mayberry to defraud the said Clarke. And further avers that the deed and bill of sale were delivered and the certified checks of $500 were by agreement surrendered to the respective parties, the loan of $2,000 was made by Mayberry to Clarke and the mortgage was executed by the said Clarke to the said Mayberry to secure the said two thousand dollar loan.

Maulding answered denying all knowledge of the trade, and exchange of property, or terms or conditions under which Clarke purchased the land, but averred that he purchased the said note and mortgage before maturity, in good faith, and for the consideration of $2,000, and that he had no notice that Clarke had or claimed to have any equitable or legal defense to said note and mortgage.

The pleadings in No. 1207 was an ordinary bill to foreclose the mortgage made to secure the payment of

the $2,000 to Mayberry, and that it was assigned by him to Maulding.

The answer of George S. Clarke and wife denies the right of Maulding to foreclose said mortgage and avers substantially the same facts, in this answer, as were set forth in his original bill.

The facts in this case, as we gather them from the record, are that Mayberry was possessed of a tract of land and Clarke of a stock of merchandise which they agreed to exchange. The stock of merchandise was estimated to be worth about $8,000 and the land was valued at $10,000. The agreement as set forth in the bill was executed by the parties, and a check of $500 was made by Clarke and placed in the hands of Rodenburg to be delivered to Mayberry should Clarke default in his contract, and a check of $500 was made by Mayberry payable to Clarke and placed in the hands of Rodenburg to be delivered to Clarke in case of Mayberry's default; Mayberry was to make a warranty deed conveying the land in fee simple to Clarke and to furnish an abstract showing a merchantable title in Mayberry. The abstract was furnished but as Clarke claimed there were three serious objections thereto; one, that the title was in John B. Cornell; another, that by some former deed the oil, gas, coal and mineral rights had been reserved so that the said Mayberry was not the exclusive owner of the said lands, also that the title to a part of said lands was in one George M. Norris, W. A. Storey and Elvira A. Norris, and after the defects were discovered in the title the time for perfecting the title was extended from time to time. It appears that these lands had been sold by Storey and Norris to one E. M. Turner and that the deeds were held by George M. Norris, to secure the payment of $1,500 of the unpaid purchase price. The Turner deeds were procured, placed on record and the abstract brought down to date. It is claimed by Mayberry that Clarke then told Mayberry that the most particular objection that he could see to the title, then, was the reservation of the coal, gas and oil rights

under forty acres of the land, and that they would proceed to close the trade and he could arrange that part of the abstract later; this, however, is denied by Clarke but the evidence shows that Mayberry took full and complete possession of the stock of goods; the checks for $500 that were placed in escrow by Clarke and Mayberry were surrendered to each of them. Mayberry paid to Clarke the $2,500 difference between the valuation of the stock of goods and the land, and Clarke then made a mortgage upon the whole of the lands in question to Mayberry to secure the loan of the $2,000 which Mayberry says he told Clarke he would advance him if he would close up the deal.

It also appears from the evidence that Aydt had purchased an interest in this stock of goods and Clarke endeavored to make a trade with Aydt for his interest in the goods, and that Clarke made one or two efforts to dispose of the land in question.

It is claimed by the plaintiff in error, Clarke, No. 1159, that he is entitled to a vendee's lien upon the lands in question to the extent of the $8,000, because of the failure upon the part of Mayberry to complete his title according to contract, and because as Clarke says, of his refusal to accept the deed as made. As we understand the equitable doctrine of the lien of the vendee, it arises where,

"The legal title remains in the vendor, who has simply agreed to convey, while the vendee, although having as yet acquired no legal interest in the land by virtue of the contract, does obtain a lien upon it as security for the purchase money he has paid, and for the performance of the vendor's obligation to convey." Pomeroy's Equity Jurisprudence, Vol. 3, Sec. 1263.

If the vendor refuses to perform, that is convey, or the vendee properly declines to complete the sale, then the right of a vendee's lien attaches; but if the conveyance is made, whether in accordance with the terms of a contract or otherwise and the title of the vendor passes to the vendee, then no lien can exist. Swetisch v. Waskow, 37 Ill. App. 155. We are clearly of the

opinion that the lien of a vendee cannot exist where the title has been conveyed to and vested in the vendee. It is a familiar doctrine that a delivery of a deed is to be determined by all of the facts and circumstances surrounding the transaction. In this case we think when Clarke permitted Mayberry's check of $500 to be surrendered to him, allowed Mayberry to take absolute control of the stock of goods, and accepted from Mayberry the $2,500 difference agreed to be paid and then executed a mortgage to Mayberry upon the same lands to secure the payment of a note for $2,000, accepted the loan, which money as the evidence discloses was obtained from the complainant, W. D. Maulding, and, as we think, this was known by Clarke at the time, that it would be inequitable to permit Clarke to say he was not vested with the legal title to the lands.

It appears from the record that Maulding purchased this note in good faith, paid therefor the full amount of $2,000, and we believe that it would be inequitable and unjust to permit that mortgage to be set aside; that Clarke, after having executed the mortgage in question is estopped from denying that he was vested with the legal title; that the circumstances are sufficient to warrant the finding that whatever title was owned by Mayberry had by this deed been vested in Clarke, and that under such circumstances the lien of a vendee could not exist, and that the Circuit Court did right in dismissing the bill of George S. Clarke, and the decree of the Circuit Court is affirmed in dismissing such bill.

It follows from the above finding that Maulding was an innocent purchaser for a valuable consideration, of the note and mortgage above described; that the same was due and unpaid and that he had a right to institute a suit of foreclosure against such land to enforce the payment of the amount due him, and that the Circuit Court did not err in sustaining the foreclosure proceedings, and the decree of the Circuit Court as to such foreclosure proceedings is affirmed.

*Decree affirmed.*