Frederick R. Pefferle, Plaintiff-Appellee, v. Prairie Mills, Inc., an Illinois Corporation, and Frank W. Young, Defendants-Appellants.

Gen. No. 10,727.

Fourth District.

June 30, 1966.

Frank W. Young and Daniel F. Zahn, both of Springfield, and Jack A. Alfeld, of Carrollton, for appellants.

Frederick R. Pefferle, pro se, of Springfield, appellee.

SMITH, J.

Defendants appeal from a summary judgment entered against them for $2,705.45 for unpaid attorney fees and from the refusal of the trial court, on motion, to set such judgment aside. Procedural sparring over several months leaves us with basically only one question: Was there a genuine issue of a material fact which would preclude summary judgment? We think not.

Plaintiff's complaint alleged his employment by defendant Young as president of defendant corporation to represent it and him individually in certain litigation; their agreement to pay a "fair and reasonable charge" for such services and reimburse for costs; the performance of the services; that there was a balance due of $2,905.45 and defendants refusal to pay. Defendants by general denial denied the employment as alleged; denied the performance; denied the balance due, and denied the refusal to pay. Plaintiff moved for summary judgment, supported by an affidavit detailing the employment; the services rendered; the payments made on account together with dates and amount; attached four statements as exhibits detailing the precise services rendered; the day on which rendered, and the balance due on services and out-of-pocket expense.

██ Insofar as pertinent, defendants' affidavit in opposition reads as follows:

". . . That the Affidavit does not cover the agreement entered into by and between the Plaintiff and the Defendant for legal services.

"That a flat fee was agreed upon between the parties, and that said fee has been paid in full before this suit was filed.

"That for the above facts, the Defendant has a good and valid defense to this action."

A casual reading of this affidavit demonstrates its failure to comply with Supreme Court Rule 15, Ill Rev Stats 1965, c 110, § 101.15, which requires that affidavits in support of or in opposition to a motion for summary judgment shall:

". . . be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto. . . ."

■■■■ It is quite clear that plaintiff's complaint and affidavit is a solid foundation for summary judgment unless the defendants have somewhere somehow raised a genuine issue of a material fact. Defendants' affidavit avers that they have a "good and valid" defense without informing the trial court or this court what that defense is. If the defense is a flat fee contract, it does not appear in the answer, its existence is only asserted in the affidavit in opposition to summary judgment and its terms appear only in the defendants' brief. If the defense is payment, it is not affirmatively pleaded as required by Civil Practice Act § 43 (4), Ill Rev Stats

1965, c 110, § 45 (2), nor is the amount, time or method of such payment shown anywhere except in appellants' brief. In their briefs, they argue they had a right to be heard on the reasonableness of plaintiff's fee and argue it here. Nowhere in the abstract of the record does it appear that this issue was ever presented to the trial court. Factual or legal issues not presented to or considered by the nisi prius court are "men without a country" when they appear in briefs in this court and are so treated. We are a reviewing court and not a nisi prius court. For this same reason, we cannot review the rule entered on the defendant Young to show cause why he should not be adjudged in contempt of court. This appears to still be under advisement in the trial court.

■ The complaint and answer standing alone perhaps do raise genuine triable issues of material facts. But in the face of a motion for summary judgment, this is not sufficient. Where the movant in support of his motion supplies facts which, if uncontradicted, entitles him to judgment, the opposing party cannot rely alone on his complaint or answer even though the complaint and answer standing alone do present a genuine issue of a material fact. Walsh v. Monumental Life Ins. Company, 46 Ill App2d 431, 197 NE2d 124; St. Louis Fire & Marine Ins. Co. v. Garnier, 24 Ill App2d 408, 164 NE2d 625. Pleading allegations fade away in the face of uncontradicted evidentiary facts entitling the movant to judgment or decree. The readily apparent reason for this rule is that if pleading allegations are sufficient to raise a genuine issue against uncontradicted evidentiary facts contained in an affidavit, the usefulness of summary judgment is effectively placed in a straightjacket. See 1955 Revisions Joint Committee Comments, Ill Rev Stats Ann c 110, § 57.

■ The facts which it is now said were a defense must have been known to the defendants when they filed their answer. They were not pleaded. They must have

been known to the defendants when their affidavit in opposition to the motion for summary judgment was filed. They were not stated. The opportunity to create a genuine issue of a material fact was open. Defendants have no proper complaint if the appropriate vehicles are not employed by them to present their claimed defenses. Gliwa v. Washington Polish Loan & Building Ass'n, 310 Ill App 465, 34 NE2d 736. We thus conclude that the trial court had before it in this record no genuine issue of a material fact which precluded summary judgment. Its judgment is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.