Edward Witzig, Plaintiff-Appellant, v. Illinois Power Company, a Corporation, Defendant, Third-Party Plaintiff-Appellee, and Klopfenstein Grain Company, Third-Party Defendant-Appellee.

Gen. No. 11,062.

Fourth District.

October 16, 1969.

Rehearing denied November 18, 1969.

Costigan and Wollrab, of Bloomington (Guy Fraker, of counsel), for appellant.

Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington (Ralph E. Schroeder, of counsel), and Heyl, Royster, Voelker & Allen, of Peoria (Lyle W. Allen, Richard M. Baner and Duncan B. Cooper, III, of counsel), for appellee.

SMITH, J.

The single issue in this case is whether or not the plaintiff's own discovery deposition contains admissions which convict him of contributory negligence so that the trial court was justified in granting the defendant's motion for summary judgment. The trial court held that it did and there being no triable issue of fact on this point, entered a judgment in favor of the defendant in bar of plaintiff's suit. Plaintiff appeals.

This court has had occasion recently to consider the rules applicable to summary judgment, Brooks v. Dean Berenz Asphalt Co., Inc., 83 Ill App2d 258, 227 NE2d 100, and also while sitting in the first district, Watkins v. Lewis, 96 Ill App2d 182, 237 NE2d 830. In each of these cases, we carefully enunciated the rules applicable and their repetition in this opinion would appear to be pure redundancy. In the Berenz case, we held that summary judgment was proper; in the Watkins case we held that summary judgment was improper. We applied and used the same rules in reaching diametrically opposite results for the very simple and cogent reason that the facts in the cases were different. Plaintiff cites Cannon v. Thompson, 33 Ill App2d 233, 179 NE2d 37, as well as our own Watkins case, to indicate that the courts are disenchanted with summary judgments and that the case at bar is typical of why that is so. While we do not read those cases to so indicate and certainly not to so hold, the blunt fact remains that a motion for summary judgment should be allowed on motion of either party where there is no genuine issue of any material fact to litigate. As stated in Allen v. Meyer, 14 Ill2d

284, 292, 152 NE2d 576, 580, the policy is succinctly stated thus:

> "Summary judgment procedure is an important tool in the administration of justice. Its use in a proper case, wherein is presented no genuine issue as to any material fact, is to be encouraged. The benefits of summary judgment in a proper case inure not only to the litigants, in the saving of time and expenses, but to the community in avoiding congestion of trial calendars and the expenses of unnecessary trials."

Plaintiff suggests that contributory negligence is a question ordinarily to be decided by a jury. This may be conceded. He asserts that to decide that issue on a motion for summary judgment denies him his day in court. That, too, may be conceded. Actually a motion for summary judgment only decides that there is no reason for the plaintiff or anybody else to waste a day in court when there is no genuine issue or material fact to be decided. All we have before us and all the trial court had before it was whether or not on this record there is a genuine issue of a material fact to be tried. The trial court thought not—we agree.

In Watkins, we indicated that the defendant's counteraffidavit on the plaintiff's motion for summary judgment raised a single defense—sudden mechanical failure; that this defense introduced material questions as to proximate cause and the application of the doctrine of emergency, and that there were inferences from this defense which presented questions of material fact for determination by a jury. In Brooks, we made a contrary determination that there were no facts or inferences in the record before us which would allow the plaintiff to submit the decisive issue of the defendant's negligence to a jury. The trial court held from the plaintiff's deposition that a like situation exists here. We agree. It was

141

▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬

recently stated in Texaco, Inc. v. Kane County Oil, Inc., 96 Ill App2d 383, 390, 238 NE2d 622, 626:

> "We agree that the purpose of a summary judgment is not to try issues of fact, but only to determine whether material issues of fact exist. An examination of the entire record in this case does not show any material issues of fact, but rather, arguments and legal questions as to the effect of the material facts. We believe that the trial court was correct in holding that no genuine issue of fact remained, and that the cause of action was determinable as a question of law."

The testimony of the plaintiff in this case creates the same precise situation and the trial court correctly so held.

We turn now to the plaintiff's deposition in the light of Supreme Court Rule 212, which provides that discovery depositions may be used only "(2) as an admission made by a party . . . in the same manner and to the same extent as any other admission made by that person) ; . . . ." Ill Rev Stats 1967, c 110A, § 212.

Plaintiff cites 69 ALR2d, p 51, for the proposition that in actions against the power company for injuries due to contact with electrical wires through an object held by the plaintiff, the question of contributory negligence is generally a jury question, particularly where it appears that he did not have knowledge of the specific danger which caused the injury. In the case at bar, the plaintiff testified that he had no knowledge of the voltage carried nor whether or not the wires were insulated or uninsulated. From this plaintiff argues that Stilfield v. Iowa-Illinois Gas and Elec. Co., 25 Ill App2d 478, 167 NE2d 295, is conclusive that this is a question of fact for a jury and not a question of law for the court. It is true that the court in that opinion mentioned these two facts. It suggests that the plaintiff in that case apparently only

had a nebulous notion that electrical wires were generally dangerous and that direct contact with them is to be avoided. In addition, in that case, the plaintiff did not know a power line carrying 13,200 volts would under some circumstances arc when a metal object was placed within three or four feet of the wire, which occurred in that case. However, it appears to us, as a careful reading of that case indicates, that a controlling factor in the court's opinion was also that the control of the boom was not alone in the plaintiff, but in the crane operator and the evidence in the record would justify a jury in concluding that the plaintiff made every reasonable effort to avoid having the chain or cable he was holding come in close proximity to the power line. Thus, the plaintiff in that case, notwithstanding his lack of knowledge or lack of specified knowledge, was exercising every precaution within his control to avoid the result. Such is not true here. In addition, on p 61 of 69 ALR2d, is listed a group of cases holding that where the victim knew the specific danger existing in the condition faced by him with regard to the possibility of contact with a charged wire to an object held by him, or should have known of such condition, he has been held contributorily negligent as a matter of law. These cases are more closely akin to the facts in the case at bar.

█ Plaintiff in his deposition testified that he had been on the top of this 20-foot elevator many times from 1962 to the time of the accident in 1964. On this occasion, he went to the top of the elevator to look at the corn which they were undertaking to remove from the elevator. It had clogged in the auger. He called for an employee to hand him a pole. The employee gave him a seven- or eight-foot aluminum pole and he climbed on up the ladder with the pole in his hand. That same employee told plaintiff that the pole came in contact with electrical wires of the defendant. Plaintiff had previously advised an employee who was going to the top of the elevator

143

that there were wires up there and to look out for them. He said he was primarily concerned with a neutral wire which is about a foot above the top of the elevator and warned the employee so that he would not stumble over that wire. He testified that there was nothing between him and the hot wires except air, that he didn't pay any particular attention to these wires, and that he didn't know how high they were. He further testified that he knew that the pole given to him was made of aluminum and that he just didn't realize that the hot wire was that close; that on a previous occasion he had been driving a vehicle which had a conveyor about twenty feet high in an area at Livingston and Second Street, and had driven underneath the wires. One Paul Lay, an employee of the defendant, told the plaintiff "just don't drive with your conveyor too high" and "just remember there is wires up above." The plaintiff told Lay that he knew that the wires were up there and further testified that he knew that if that conveyor had touched those wires, that he would get electrocuted, and again testified that those wires were the same type of wires that were in the area of the grain bin. In Ferguson v. Lounsberry, 58 Ill App2d 456, 207 NE2d 309, we discussed at length the question of when contributory negligence becomes a matter of law and there stated that under the facts involved in that case, "the conclusion is inescapable that he (plaintiff) inadvertently, unthinkingly, heedlessly, or carelessly brought his clothing into contact with the equipment." We would paraphrase that language as it applies to the aluminum pole in the case at bar. It is, of course, unfortunate that there are circumstances and instances where a plaintiff through inadvertence, carelessness or the failure to exercise due care and caution for his own safety brings on his own injury. In Brooks, we said at p 261 of the Illinois Appellate Reports and p 102 of the Northeastern Reports that "We are unable to find any facts or inferences in this record which would allow the

144

plaintiff to submit the decisive issue of the defendant's negligence to a jury." A like observation applies here to plaintiff's contributory negligence. The judgment of the trial court is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.