ERNEST FRANKLIN GREEN, Plaintiff-Appellant, *v.* LLOYD MCCLELLAND, Defendant-Appellee—(CLYDE WEDER, Defendant.)

(No. 72-142; )

Fifth District—February 1, 1973.

*Rehearing denied March 26, 1973.*

William E. Brandt, of Madison, for appellant.

James E. Gorman, of Reed, Armstrong, Gorman and Coffey, of Edwardsville, for appellee.

Mr, JUSTICE CREBS delivered the opinion of the court:

This appeal comes on as the result of a personal injury action wherein Plaintiff alleges that he suffered damages as the result of injuries received when his foot was caught in the mechanism of a corn picker. The corn picker was owned by the Appellee, Lloyd McClelland, who was Plaintiff's employer, and had been purchased from co-defendant

Clyde Weder. After deposing Plaintiff and completing other preliminary discovery, Appellee filed a motion for summary judgment which was granted, and it is from this judgment that plaintiff now appeals. The Defendant Weder has no part in this appeal and the case is still pending as to him.

The court granted summary judgment on the ground that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff contends that there exists a material factual dispute as to the question of contributory negligence which should have properly been determined by a jury.

The facts surrounding the alleged accident were developed solely from the deposition of the plaintiff inasmuch as there were no other eye witnesses to the incident. Plaintiff is appellee's son-in-law and was working on appellee's farm at an unspecified wage in order to repay a debt owed appellee. On the day in question, plaintiff realized that the corn needed picking and without direction or instruction from appellee undertook the job. He used a tractor and corn picker owned by appellee. The corn picker was operated by a power take-off on the tractor which was connected by a universal joint which rotates at a rapid rate of speed when in operation. When the tractor is level, this universal joint will be directly beneath the seat and in the middle of the tractor. There was no guard or protective shield over the universal joint and power takeoff. The accident occurred after plaintiff had been working for approximately one-half hour, and he was in the process of making a right turn at the end of a row. The tractor seat, as it was designed to do, moved to the left as he made his turn from which position plaintiff attempted to look back over his shoulder to ascertain whether the equipment was properly aligned. In making the maneuver, he swung his right foot toward the right side of the tractor to a point directly over the spinning universal joint. His right trouser leg became entangled in the spinning universal joint pulling his foot into the mechanism whereby he incurred the injuries of which he complains.

Plaintiff first had experience in operating regular farm machinery when he was fourteen years old. By virtue of this past experience with such equipment and his profession as a heavy machinery operator, plaintiff had a clear understanding of all the mechanical functions of the power take-off shaft and as a consequence felt capable of and did operate the machine without instruction. The tractor is equipped with foot rests, and it was plaintiff's testimony that he was not required to do anything with his feet in order to accomplish the turn which he was executing when injured and that the entire maneuver could have been accomplished through the use of his hands in steering the tractor. It was also

brought out that plaintiff had noticed that other equipment in use on the farm did employ a protective guard around the universal joint and power take-off, and that he had commented upon the lack of a guard over the mechanism on this equipment. He further testified that he knew that as he was making the turn the universal joint was spinning and that if he got his pants too close thereto, they might get caught therein.

The major thrust of plaintiff's argument seems to be directed toward the theory that the mechanism was dangerous and that appellee had knowledge of the dangerous condition which he failed to impart to plaintiff. In this regard it was brought out that appellee himself had caught his trouser leg in the universal joint on this tractor on the day previous to plaintiff's injury but had escaped injury. Appellee failed to inform plaintiff of this occurrence or to warn him of the clear danger thereby discovered. These facts, it is claimed, create a sufficient issue to go to the jury and to require a reversal of the summary judgment.

■■ Summary judgment is a drastic method of disposing of litigation (*Watkins v. Lewis*, 96 Ill.App.2d 182, 237 N.E.2d 830), but it nevertheless remains an important tool in the administration of justice and its use in proper cases is to be encouraged. (*Texaco, Inc. v. Kane County Oil*, 96 Ill.App.2d 383, 238 N.E.2d 622.) The function of a court, when presented with a motion for summary judgment, is to determine whether a genuine issue exists as to a material fact. (*Brainerd v. First Lake County National Bank of Libertyville*, 109 Ill.App.2d 251, 248 N.E.2d 542.) Thus, although the issue of contributory negligence is ordinarily to be decided by a jury, where there is no genuine issue of material fact to be decided, there is no purpose in proceeding to trial. (*Witzig v. Illinois Power Co.*, 114 Ill.App.2d 139, 251 N.E.2d 902.) The trial court found that there was no issue of fact in regard to plaintiff's duty to remain free of contributory negligence and that he was, as a matter of law, guilty of such conduct. We agree.

All of the evidence establishes that the plaintiff was familiar with the operation and function of the mechanism with which he was injured. He recognized the danger inherent in its operation and commented specifically about the lack of any safety or protective guard over the machinery. Despite this foreknowledge, plaintiff acted in a manner inconsistent with the exercise of ordinary care under the circumstances then pertaining.

In plaintiff's deposition he was questioned concerning his prescience as follows: "Q. While you were making those turns and operating the equipment, you did realize this shaft was down there and operating, right? A. Yes. Q. Did you realize that, as you were doing this, if your

pants leg got too close to that joint, it might get caught? A. Yes, but I kept it away; tried to." In the case of *Howell v. Briney*, 125 Ill.App.2d 246, 260 N.E.2d 858, the plaintiff was injured when swinging his overall-covered leg over the universal joint when a power take-off was in operation and he, as does plaintiff here, admitted that he knew the unshielded universal joint was potentially dangerous when operating. The court there held that "[T]he cold, blunt fact therefore remains that when this plaintiff swung his leg over this universal joint, he negligently, carelessly and thoughtlessly swung it over the universal joint which was known to him to be dangerous." This observation is equally applicable to the case now before us.

It is of further significance that the work was undertaken voluntarily and that the manner and method of performing it rested in plaintiff's sole judgment as he was in full and complete control of the operation. He testified that he was not assigned this job but voluntarily undertook its performance and that in accomplishing the turn during which he was injured, he was not required to move his feet from the foot rests provided. In the case of *Ferguson v. Lounsberry*, 58 Ill.App.2d 456, 462, the court found in similar circumstances that: "[T]he conclusion is inescapable that he inadvertently, unthinkingly, heedlessly, or carelessly brought his clothing into contact with the equipment. We do not facetiously say that he reached out toward it; it did not reach out toward him; his was an affirmative and voluntary action. The facts are undisputed. We would abjure our responsibilities if we did not say as a matter of law that the plaintiff was not in the exercise of due care and caution for his own safety."

In his argument to this court plaintiff also placed great emphasis upon the fact that the pin by which the power take-off shaft was attached to the universal joint protruded and that it was this pin which caught plaintiff's trouser leg and thereby injured him. We are not, however, dealing with a nonfunctioning or malfunctioning piece of equipment. In the case of *Ferguson v. Lounsberry*, 58 Ill.App.2d 456, the plaintiff contended that it was a burr on the spinning mechanism which caught him. In that case the court noted at page 462 that the equipment "* * * was in exactly the same condition it had been in * * *. Neither the lack of a shield nor the burr affected its effective functioning and the plaintiff so testified. Everything about it now known to anybody was known or should have been known to the plaintiff." We are in agreement with this rationale. The plaintiff in this case testified that the pin in question had been in place for a long time and had not been removed, that he was aware of the mechanics of the machine and that he realized

the danger inherent therein, and in view of these observations, we find nothing in the presence of the pin which would convince us to alter our decision.

■■ There are no disputed facts bearing on the issue here presented. Plaintiff, to be sure, argues that the unprotected universal joint was dangerous and that appellee was negligent in providing plaintiff with such an inherently dangerous mechanism and in failing to warn him of the danger although he had knowledge thereof by virtue of his own experience in having his trousers caught the day previous to plaintiff's injury. That these allegations may form a triable issue as to appellee's negligence cannot be denied, however, they do not establish any element of the proof of freedom from contributory negligence which is the issue to be determined. The undisputed facts establish that plaintiff's own negligence proximately contributed to the accident which bars his right to recovery regardless of any negligence on the part of appellee.

The judgment of the Circuit Court of Madison County is therefore affirmed.

Judgment affirmed.

EBERSPACHER, P. J., and JONES, J., concur.