ROBERT W. COADY, Plaintiff-Appellee, *v.* JAMES M. DINEEN, JR., Defendant-Appellant.

(No. 12008; ▮)

Fourth District—February 14, 1974.

Gillespie, Burke & Gillespie, P. C., of Springfield, for appellant.

James T. Londrigan, of Springfield, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from a jury verdict in favor of plaintiff in an action for personal injuries. The jury returned a verdict for defendant upon plaintiff's complaint alleging wilful and wanton conduct. No cross-appeal was filed.

The injury was incurred when plaintiff drove his truck across a field which had been partially plowed and was owned by defendant. The plaintiff farmed a parcel of land at the direction of his father. Such parcel and the land farmed by defendant had a common origin in the farm of "grandfather Coady". The farm became divided into smaller parcels and was held by various descendants.

The testimony suggests that when "grandfather Coady" farmed the entire holding a field lane had existed which would now bisect the parcel owned by the plaintiff. There is, however, testimony that since 1960 there had been an agreement that defendant's field would be crossed at the north end.

■■ It is contended by plaintiff that by reason of the division the parcel of land owned by his father became landlocked and that the latter had an easement across defendant's parcel. The testimony shows a long period of family conflict concerning the crossing of defendant's land by plaintiff. It appears that defendant had plowed across the area which plaintiff claims to be an easement, most years for some eight years. Upon occasion the plowed land had been disced across and the disced area used as a lane. We conclude that an action for personal injuries is not a legal vehicle to determine interests in land.

An issue upon appeal is whether or not plaintiff was guilty of contributory negligence as a matter of law.

Early in the year 1968, plaintiff had had surgery upon his back. While never expressly put, it appears that plaintiff's theory is that of aggravation of a pre-existing injury. On April 13, 1968, plaintiff drove his truck to the field. He observed furrows described as 16 inches wide and 8 to 10 inches deep. The plowed strip was described as having a number of furrows which made it 128 inches wide. Plaintiff admits that he stopped the truck and observed the furrows. He then proceeded to drive across the plowed ground, perhaps at 10 miles per hour and perhaps at 5 miles per hour. He claims that he suffered injury when the rear wheels of the truck dropped into one of the furrows.

■■■ While the record does not adequately disclose what, if any, duty defendant owed to plaintiff, it is clear that plaintiff, through immediate observation and past experience, was aware both of the condition of his

back and the existence of the plowed field, but despite such foreknowledge he drove across in a manner inconsistent with ordinary care under the circumstances. (*Green v. McClelland*, 10 Ill.App.3d 350, 293 N.E.2d 629.) There is no factual dispute concerning plaintiff's actual observation of the conditions and his choosing to drive across the furrows. Reviewing courts are authorized to finally decide negligence issues contrary to verdicts in situations where such verdicts are not factually sustainable. *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504; *Keen v. Davis*, 38 Ill.2d 280, 230 N.E.2d 859.

The judgment is reversed.

Reversed.

SMITH, P. J., and SIMKINS, J., concur.