THE PEOPLE *ex rel.* WILLIAM J. SCOTT, Attorney General, Plaintiff-Appellant, *v.* CONTINENTAL CAN COMPANY, INC., Defendant-Appellee.

(No. 60990; ▬▬▬▬▬▬

First District (4th Division)—May 14, 1975.

William J. Scott, Attorney General, of Chicago (Richard W. Cosby and Fredric J. Entin, Assistant Attorneys General, of counsel), for appellant.

Hackbert, Rooks, Pitts, Fullagar and Poust, of Chicago (Joseph S. Wright, Jr., and Laurence A. McHugh, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This action was brought by William J. Scott, the Attorney General of the State of Illinois (hereinafter plaintiff) to enjoin Continental Can Company (hereinafter defendant) from polluting the air and creating a public nuisance by emitting malodorous fumes into the atmosphere. A civil penalty for the alleged violation of the Environmental Protection Act was sought. The trial court granted the defendant's motion to dismiss, and the plaintiff appeals from the order dismissing the action.

The plaintiff raises the following issues for review: (1) Whether the trial court erred in finding that once regulations are adopted that apply to the subject air emissions, the applicable regulations become the sole standard against which the emissions are measured, thereby precluding an action for violations of the basic statutory prohibition; (2) whether the trial court erred in finding that the existence of an operating permit constituted a defense to this action; and (3) whether the trial court erred in requiring a Pollution Control Board regulation to be the emission standard applicable in actions brought under separate statutory authority and the common law.

· Plaintiff filed a three-count complaint for injunctive relief and penalties against Continental Can Company, Inc. In count I plaintiff, pursuant to section 42 of the Environmental Protection Act (Ill. Rev. Stat. 1971, ch. 111½, § 1042), alleged that the defendant's manufacturing plant emitted malodorous fumes into the atmosphere thereby unreasonably interfering with the enjoyment of life and property in violation of section 9(a) of the Environmental Protection Act (Ill. Rev. Stat. 1971, ch. 111½,

§ 1009(a)). Plaintiff in count II asserts his authority as Attorney General at common law to abate public nuisances and alleged that the emissions from defendant's manufacturing facility constituted such a nuisance. Finally, in count III plaintiff asserted the authority of the Attorney General pursuant to "An Act in Relation to the Prevention and Abatemen of Air, Land and Water Pollution" (Ill. Rev. Stat. 1971, ch. 14, §§ 11, 12).

The defendant filed a motion to dismiss and plaintiff responded to the motion. Thereafter, defendant filed a supplemental motion pursuant to sections 45, 48, and 57 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, §§ 45, 48, and 57), praying that judgment be entered on the motion, and attaching a memorandum brief in support of his supplemental motion to dismiss. In addition, the defendant submitted the deposition of Keith J. Conklin, manager of the Permit Section, Division of Air Pollution Control, of the Environmental Protection Agency. Mr. Conklin stated that a permit was issued to Continental Can Company on February 7, 1974, after it was determined that the defendant was in compliance with the emission limitations imposed by the Pollution Control Board, as well as with all provisions of the Environmental Protection Act. A copy of the permit, which expires August 28, 1975, was attached to the deposition. Then, the plaintiff submitted a memorandum brief in opposition to defendant's motion to dismiss. Finally, on October 4, 1974, a final order was issued dismissing this action.

The threshold question to be considered in this appeal is whether the trial court properly entered the order granting the defendant's motion to dismiss. To dispose of this question, we must examine the pleadings, depositions, and affidavits that were before the trial judge to determine if a genuine issue of material fact was presented. In this case a discovery deposition was attached to the defendant's supplemental motion to dismiss. In Illinois a motion for summary judgment may be supported by a deposition (*Breault v. Feigenholtz* (1973), 54 Ill.2d 173, 184, 296 N.E.2d 3), and a discovery deposition may be used "for any purpose for which an affidavit may be used." (Ill. Rev. Stat. 1971, ch. 110A, § 212(a)(4).) The discovery deposition used by the defendant contained the testimony of Mr. Conklin, who stated that a permit was issued to the defendant after it was determined that the company was in compliance with the emission limitations imposed by the Pollution Control Board and all the provisions of the Environmental Protection Act.

Next, we must determine if it is appropriate for a trial court to dismiss a case where the defendant submits a motion to dismiss supported by a deposition that is uncontradicted by the plaintiff.

■■ In *Roberts v. Dahl* (1972), 6 Ill.App.3d 395, 286 N.E.2d 51, this court, quoting from *Pefferle v. Prairie Mills, Inc.* (1966), 72 Ill.App.2d 440, 443, 218 N.E.2d 247, 249, states at page 405:

> " 'Where the movant in support of his motion [for summary judgment] supplies facts which, if uncontradicted, entitles [*sic*] him to judgment, the opposing party cannot rely alone on his complaint or answer even though the complaint and answer standing alone do present a genuine issue of a material fact.' "

■■ In *Fooden v. Board of Governors* (1971), 48 Ill.2d 580, 272 N.E.2d 497, our supreme court, in a case where plaintiff failed to submit a counteraffidavit to defendant's affidavit, laid down the following rule at page 587:

> "\* \* \* [I]t has been held that an affidavit in support of a motion for summary judgment is actually a substitute for testimony taken in open court and should contain as much pertinent information as the affiant could competently testify to if he were sworn as a witness [citation] and where such well alleged facts are not contradicted by counteraffidavit, they must be taken as true, notwithstanding the existence of contrary averments in the adverse party's pleadings which merely purport to establish *bona fide* issues of fact. [Citations.] Also, as against positive, detailed averments of fact in an affidavit, allegations made on information and belief by an adverse party are insufficient, for they are not equivalent to averments of relevant facts but rather put in issue only the pleader's information and belief and not the truth or falsity of the 'facts' referred to. [Citations.]"

When we apply the preceding rules to the facts in the instant case, we find that summary judgment was properly granted by the trial court. The facts set forth in the defendant's discovery deposition establish that Continental Can had been issued a permit and was in compliance with the limitations of the Pollution Control Board and with the provisions of the Environmental Protection Act. Plaintiff did not file any responsive pleadings or counteraffidavits. Consequently, plaintiff's unverified complaint, alleging on information and belief that the defendant was polluting the air and creating a public nuisance by emitting malodorous fumes into the atmosphere, was insufficient to raise a triable issue of fact.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

DIERINGER, P. J., and BURMAN, J., concur.