MICHAEL P. GAGLIARDO, Plaintiff-Appellee, *v.* FRANCES M. VODICA, Defendant-Appellant.

Second District No. 77-201

Opinion filed April 12, 1978.

Ross P. Toran, of Querrey, Harrow, Gulanick & Kennedy, of Wheaton, for appellant.

Anthony F. Mannina, of Marco & Mannina, of Downers Grove, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an appeal from the trial court's entry of an interlocutory summary judgment for the plaintiff herein on the issue of liability pursuant to the provisions of section 57 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57). The question presented to this court is whether a genuine issue of material fact exists here which would preclude summary judgment for the plaintiff.

When the plaintiff moved for interlocutory summary judgment on the issue of liability, the record consisted of an unverified complaint, an unverified answer and the written replies to the parties' discovery interrogatories. The parties had also conducted discovery depositions. No affidavits were filed by either party. Instead, the plaintiff supported his motion with an excerpt from the defendant's deposition. In this excerpt the defendant admitted that she was driving westbound on Franklin Street and had stopped at the stop sign at the intersection of Forest Avenue and Franklin Street. The defendant then looked to the north on Forest and saw the plaintiff on a motorcycle proceeding toward her. The defendant saw that the plaintiff's headlight was on and there was no obstruction to her view. She then looked southbound on Forest and proceeded slowly into the intersection before looking again to the north. The defendant decided at this point that the plaintiff was "too close" and accelerated. The collision then occurred.

In response to the plaintiff's motion, the defendant filed a memorandum and an excerpt from the plaintiff's deposition. In this excerpt the plaintiff related that he was proceeding southbound on Forest Avenue riding a motorcycle which was in second gear, where 20 m.p.h. is the maximum speed. There was no other traffic on the road. The plaintiff was approximately 40-50 yards from the intersection of Franklin and Forest when he first saw the defendant's green car moving slowly on Franklin. The defendant's vehicle stopped at the stop sign when the plaintiff was approximately 20 yards from the intersection. The defendant's vehicle began to move again when the plaintiff was "darned close" to the intersection. It started off slowly but then abruptly accelerated when the front of its hood reached the approximate center line of Forest Avenue. Simultaneously the plaintiff realized there was going to be a collision. He applied his brakes and swerved to the left. His swerve, however, did not take the plaintiff over the center line of Forest Avenue before his motorcycle struck the right rear of the defendant's vehicle between the wheel well and the rear bumper.

It is the defendant's contention that the plaintiff's deposition revealed facts from which it could be inferred by fair minded persons that the plaintiff was guilty of contributory negligence. She further contends that the raising of such an inference creates a material issue of fact which remains to be decided by a jury. Based upon these contentions, the

defendant argues that the interlocutory summary judgment on the issue of liability entered herein is therefore erroneous.

■■ The principles governing summary judgment are well established in this State. The aim of summary judgment is not to try issues but to determine whether material issues of fact exist to be tried. Evidentiary facts, not conclusions of law, must be presented in the pleadings, depositions and affidavits of record. These documents of record are to be construed strictly against the moving party and liberally in favor of the opponent. Inferences may only be drawn from undisputed facts. If fair-minded persons may draw differing inferences from those undisputed facts, this presents a material issue to be tried. Summary judgment should be granted only when the legal and factual right to it is clear and free from doubt. See *Lesser v. Village of Mundelein* (1975), 36 Ill. App. 3d 433, 344 N.E.2d 29; *McHenry Sand & Gravel, Inc. v. Rueck* (1975), 28 Ill. App. 3d 460, 328 N.E.2d 679.

■■ The law is also clear that summary judgment may be entered when supported only by pleadings and by discovery depositions. (*Breault v. Feigenholtz* (1973), 54 Ill. 2d 173, 296 N.E.2d 3; *People ex rel. Scott v. Continental Can Co.* (1975), 28 Ill. App. 3d 1004, 329 N.E.2d 362.) This is precisely the situation encountered in the case at hand.

■■ Although the issue of contributory negligence is ordinarily one to be decided by a jury, where no genuine issue of material fact exists no purpose would be served in proceeding to trial upon that issue. (*Peltz v. Chicago Transit Authority* (1975), 31 Ill. App. 3d 948, 335 N.E.2d 74; *Green v. McClelland* (1973), 10 Ill. App. 3d 350, 293 N.E.2d 629; *Witzig v. Illinois Power Co.* (1969), 114 Ill. App. 2d 139, 251 N.E.2d 902.) Our review of the evidentiary facts which are disclosed by the documents of record in this case convinces us that fair minded persons could only find that the plaintiff was not guilty of contributory negligence. The interlocutory order of summary judgment on the issue of liability which was entered in this cause was proper and is affirmed.

Affirmed.

SEIDENFELD, P. J., and BOYLE, J., concur.