KENNETH E. HILLBLOM *et al.*, Plaintiffs-Appellants, *v.* RONALD F. IVANCSITS *et al.*, Defendants-Appellees.

First District (5th Division)   No. 79-266

Opinion filed September 14, 1979.

Overgaard, Berghoff & Davis, of Chicago (Robert A. Berghoff, of counsel), for appellants.

Stanis, Cahn, Muschler and Dawes, of Chicago (Beverly E. Stanis, of counsel), for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from the entry of summary judgment for defendant in a suit to foreclose a vendee's lien, and the sole issue presented is the propriety of the judgment.

It appears that in June of 1974, plaintiffs entered into a written agreement with Stross & Leslie, Inc. (Stross) for the purchase of certain real property held in a land trust wherein the First National Bank of Blue Island was trustee and Stross the beneficiary. Pursuant to the terms of the agreement, plaintiffs made a down payment to Stross of $1,000 upon the execution of the contract and several months later they made another payment of $2,840. Title was never conveyed, however, and plaintiffs filed an action against Stross in March of 1975 to recover the payments made and, at the same time, they filed with the recorder of deeds a document entitled "Notice of Purchaser's Lien." This notice, after showing the title of the action filed by plaintiffs, states as follows:

> "I, the undersigned, do hereby certify that the above entitled cause was filed in the above court on the 6th day of March, 1975 and that the allegations of the Complaint filed therein do state that plaintiffs are entitled to the recovery of $3,840.00 as and for monies paid by them for the purchase of the property described as follows:
>
> [legal description provided]
>
> for which amount plaintiffs do have a lien against said property as security for the repayment thereof."

It appears, however, that this action was never resolved because of Stross's involvement in Federal bankruptcy proceedings.

In January of 1976 the property in question was conveyed by First National Bank of Blue Island, as land trustee, to defendants Ronald and Pamela Ivancsits, as joint tenants. In the course of this transaction, Fireside Federal Savings and Loan Association, defendants' mortgagee, obtained a commitment for title insurance from Chicago Title Insurance Company which contained an objection based upon the recorded notice of purchaser's lien. Subsequently, in May of 1977, plaintiffs brought the instant suit against defendants, seeking to foreclose the lien, and defendants in turn moved for summary judgment on a number of grounds—of which only two have been questioned by plaintiffs in this appeal.

In the first of these, defendants asserted that because the notice of purchaser's lien was recorded outside the chain of title, they could not be charged with constructive notice thereof and, since they otherwise had no actual or constructive knowledge of the lien claim when they purchased the property, it was unenforceable against them. In support of this ground, defendants submitted four affidavits—one by each defendant, in which it was stated that they purchased the subject property and received legal title therefor by trustee's deed from First National Bank of Blue Island; that at no time prior to the filing of the instant suit did either receive notice of the lien or otherwise have actual knowledge of it; that

neither examined or knew of the commitment for title insurance from Chicago Title Insurance Company; and that prior to the purchase of such property neither had received any knowledge of any claimed interest of plaintiffs. In a third affidavit, Robert Johnson, an employee of Chicago Title Insurance Company, stated that its records disclosed that an application for title insurance was processed concerning the subject property and that, while a commitment was sent to Fireside Federal containing an objection based on plaintiffs' notice of purchaser's lien, there is no indication that a copy of the commitment was sent to plaintiffs or any other party. The fourth affidavit of Milton Steinke, president of Fireside Federal, stated that its mortgage loan records do not show that a copy of the commitment was forwarded to defendants or their attorneys.

In the other supporting ground questioned by plaintiffs on appeal, defendants asserted that the alleged vendee's lien could attach only to the extent of the vendor's interest in the property; that because Stross was the vendor and held only a beneficial interest in the property under a land trust, any lien that plaintiffs might have could not attach to the legal and equitable title interests held by the land trustee; and that any such lien could not and did not follow such title when it was conveyed to defendants.

Plaintiffs submitted no counteraffidavits or other documents in opposition to the motion for summary judgment, which was granted without any specification by the trial court as to the basis of its ruling.

OPINION

■■ It is plaintiffs' contention that summary judgment was improperly entered, because factual issues existed as to two of the supporting grounds asserted by defendants. The use of summary judgment is to be encouraged in a proper case (*Tatelman v. Tatelman* (1975), 25 Ill. App. 3d 678, 323 N.E.2d 821; *Green v. McClelland* (1973), 10 Ill. App. 3d 350, 293 N.E.2d 629) and should be entered where there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law (*American Buyers Club v. Zuber* (1978), 57 Ill. App. 3d 899, 373 N.E.2d 786; *Manda v. Branham* (1977), 50 Ill. App. 3d 91, 365 N.E.2d 216; *Freeman v. Augustine's Inc.* (1977), 46 Ill. App. 3d 230, 360 N.E.2d 1245). However, it is a drastic method of disposing of litigation (*Equilease Corp. v. Cattlemen's Freezer Meats, Inc.* (1973), 13 Ill. App. 3d 1, 299 N.E.2d 419; *Green v. McClelland*), which should be granted only where the movant's right thereto is clear and free from doubt (*Gagliardo v. Vodica* (1978), 58 Ill. App. 3d 1053, 374 N.E.2d 1302; *Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9, 365 N.E.2d 1045).

■■ Plaintiffs initially contend that there was an issue of fact as to whether

defendants had notice of their claim for vendee's lien. In this regard, it is established that when a vendee has made partial payment pursuant to a contract to purchase real estate and the vendor improperly refuses to convey, the vendee acquires an equitable lien against the property as security for the amount paid and for the performance of the vendor's obligation to convey. (*Clarke v. Mayberry* (1911), 165 Ill. App. 639; *Swetitsch v. Waskow* (1890), 37 Ill. App. 155; 35 Ill. L. & Prac. *Vendor & Purchaser* §173 (1958); 4 J. Pomeroy, Equity Jurisprudence §1263 (5th ed. 1941).) Such liens are enforceable at equity (*Swetitsch v. Waskow*) and are superior to the claim of a subsequent purchaser who takes the property with actual or constructive notice of the lien claim (*Larson v. Metcalf* (1926), 201 Iowa 1208, 207 N.W. 382; *Gribble v. Stearman & Kaplan, Inc.* (1968), 249 Md. 289, 239 A.2d 573; *Fowles v. Bentley* (1909), 135 Mo. App. 417, 115 S.W. 1090; *Segal v. Kulch* (1961), 13 App. Div. 2d 1011, 216 N.Y.S.2d 538, *aff'd* (1962), 11 N.Y.2d 834, 227 N.Y.S.2d 446, 182 N.E.2d 117; Annot., 82 A.L.R.3d 1040, 1052 (1978); 4 J. Pomeroy, Equity Jurisprudence §1263 (5th ed. 1941)). In Illinois, such constructive notice is achieved by the recordation of a notice in the legal records which the recorder is required to maintain by law (*Landis v. Miles Homes Inc.* (1971), 1 Ill. App. 3d 331, 273 N.E.2d 153; *Leeser v. Kibort* (1927), 243 Ill. App. 258; Ill. Rev. Stat. 1977, ch. 115, par. 12), and it is effective only if recorded within the chain of title (*Greer v. Carter Oil Co.* (1940), 373 Ill. 168, 25 N.E.2d 805; *Capper v. Poulsen* (1926), 321 Ill. 480, 152 N.E. 587; *Allison v. White* (1918), 285 Ill. 311, 120 N.E. 809; *Landis v. Miles Homes, Inc.*).

■■ ■ In the instant case, plaintiffs admitted in their response to defendants' motion for summary judgment that because their notice of purchaser's lien did not list the titleholder—First National Bank of Blue Island—as a defendant, it was not within the chain of title. Thus, as an instrument recorded outside the chain of title, it did not constitute constructive notice to defendants. (*Landis v. Miles Homes, Inc.*) Plaintiffs nevertheless insist that a fact issue exists as to whether defendants otherwise had actual or constructive notice. First, they take the position that defendants conceded notice by certain statements in their affirmative defense and in memoranda supporting their motion for summary judgment wherein, while denying notice of the lien claim, defendants state that "even if" they had actual or constructive notice, the lien was invalid for other reasons. Plaintiffs suggest this language is a concession of notice. We see no merit in this position, however, as it is our view that the phrase "even if" is used to state an alternative argument rather than a concession of notice. It is permissible to argue in the alternative, even though such arguments are based upon inconsistent facts, and no

individual argument is affected by the other. *Dursch v. Fair* (1965), 61 Ill. App. 2d 273, 209 N.E.2d 509; Ill. Rev. Stat. 1977, ch. 110, par. 43(2).

■■ Plaintiffs also take the position that there is a factual question as to notice because certain of defendants' supporting affidavits were "deficient in that they do not affirmatively show '* * *' that the affiant, if sworn as a witness, can testify competently thereto' as required by Illinois Supreme Court Rule 191 [(Ill. Rev. Stat. 1977, ch. 110A, par. 191 (a))]." However, because the issue as to the sufficiency of the affidavits was not presented in the trial court, it may not now be raised for the first time on appeal. See *Santschi v. Gorter* (1978), 63 Ill. App. 3d 394, 379 N.E.2d 1383.

■■■ In any event, plaintiffs argue that the affidavits do not preclude the possibility that defendants had actual or constructive notice of plaintiffs' lien. In support of this position, they first say:

> "These affidavits, even if uncontroverted, show only as most favorably construed for *defendants*, that notice of plaintiffs' lien by virtue of its inclusion in Chicago Title Insurance Company's title commitment for the subject property was provided only, at least according to business records, to defendants' lender. This does not begin to preclude the possibility of constructive or actual notice to defendants under a myriad of other conditions, nor does defendants' naked, conclusionary denial of notice constitute a sufficient actual refutation thereof."

The quoted excerpt is the entirety of this particular argument, which is otherwise unsupported by any citation of authority and does not specify any of the "myriad of other conditions" mentioned in the excerpt. Such bare contentions, not supported by argument or citation of authority, are waived. (*Village of Roxana v. Costanzo* (1968), 41 Ill. 2d 423, 243 N.E.2d 242. See also *Middleton v. Kroger Co.* (1976), 38 Ill. App. 3d 295, 347 N.E.2d 27, where it was held that general allegations as to the existence of possible questions of fact are insufficient to present any issue on appeal and, in the absence of specificity, it must be concluded that such questions of fact do not exist.) So too, in the instant case, the mere statement as to the possibility of other conditions which might present a question of fact as to actual or constructive notice is insufficient to present an issue on appeal.

■■ Plaintiffs' second argument in support of its contention that defendants had notice of purchaser's lien centers in the fact that it appears as an objection in the commitment of the Chicago Title Insurance Company issued for the subject property. In view thereof, plaintiffs argue that:

> "Defendants in their purchase of the subject property were

represented by two sets of attorneys, and it is incredible to conclude that neither one of them knew or had knowledge of plaintiffs' claim as agents of the defendants."

This quote, which is the entirety of their argument, is unsupported by any reference to the record or citation of authority and raises only a bare possibility that one or more of defendants' attorneys may have had notice of the lien. As stated above, such bare contentions present no issue on appeal. Moreover, if plaintiffs believed those attorneys may have had notice of the lien, it appears to us that such information could have been presented through their affidavits or depositions.

■■ Inasmuch as plaintiffs submitted no counteraffidavits or otherwise contradicted the facts stated in the affidavits submitted by defendants, they must be accepted as true. (*Bezin v. Ginsburg* (1978), 59 Ill. App. 3d 429, 375 N.E.2d 468; *Amelco Electric Co. v. Arcole Midwest Corp.* (1976), 40 Ill. App. 3d 118, 351 N.E.2d 349.) Defendants unequivocally stated in their affidavits that they had no knowledge of the objection appearing on the commitment and that they otherwise received no information to the effect that plaintiffs had claimed a vendees' lien at the time they purchased the property. Further, from the affidavits of Robert Johnson and Milton Steinke, it appears that the records of Chicago Title Insurance Company as well as those of Fireside Federal indicate that defendants were not sent a copy of the commitment. Thus, we believe that the affidavits submitted sufficiently established that defendants had no actual or constructive notice of the lien claim.

■■ We see no merit in plaintiffs' suggestion that defendants must have known of the lien because the revenue stamps affixed to the deed conveying the property indicate that defendants paid $7,440 less than the amount for which plaintiffs had contracted to purchase the property from Stross. Such a conclusion could not be reached without presupposing that defendants not only knew of the contract between plaintiffs and Stross but also the terms thereof. The record, however, indicates no such awareness and, in the absence thereof, we believe the possible difference affords no basis to charge defendants with notice of the lien.

■■ Lastly, we reach the contention of plaintiffs that although they entered into the purchase agreement with Stross, the beneficiary of the land trust, an issue of fact exists as to whether the lien should nonetheless attach to the legal and equitable title interests held by First National Bank of Blue Island at that time. Implicitly, plaintiffs appear to be saying that if the trial court entered summary judgment on the basis of the lien not attaching to the legal and equitable title interest subsequently conveyed to defendants, such was improper. We need not address the merit of this contention, however, since it also presumes the existence of notice of their

lien claim and, as we found above, defendants have established that they had no such notice.

For the reasons stated, we affirm the order granting summary judgment to defendants.

Affirmed.

LORENZ and WILSON, JJ., concur.